[No. 6,841.—In Bank.]

## CITY OF LOS ANGELES *v.* J. J. MELLUS ET AL.

FORMER ADJUDICATION—ESTOPPEL—VERDICT—FINDING—TRIAL.—A final judgment entered upon a general demurrer to the complaint, is a bar to another action on the same cause.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Seventeenth District Court County of Los Angeles. SEPULVEDA, J.

This was an action against the defendant Mellus, as treasurer of the City of Los Angeles, and his sureties, to recover the sum of twenty-three thousand and eighty-three dollars and forty-seven cents, city money, alleged to be in his hands. The complaint, under the provisions of § 963, Pol. Code, con-

tained the following suggestion : " The plaintiff suggests the following defects in the bond hereinbefore set forth, that is to say: 1. That the said bond is made payable to the State of California, when it should have been to the plaintiff under its corporate name. 2. That the aggregate amount for which the several sureties on the said bond became and are liable in the sum of seventy-five thousand dollars, and that the aggregate of the security on such bond should have been equivalent to two good and sufficient sureties." The case was tried by a jury, to whom were submitted certain special issues, but the issue as to the former judgment was not submitted to the jury, but was reserved by the Court (without objection or exception by either party), to be passed upon by it. The jury found upon the special issues submitted, and also found a general verdict in favor of the defendant Thom. Afterwards the Court filed the findings referred to in the opinion, and rendered judgment for the defendant Thom. A motion for a new trial was made by the plaintiff, but the record of the former action was not contained in the statement, though printed in the transcript.

*John F. Godfrey*, for the Appellant.

The Court erred in filing findings and judgment in favor of defendant Thom. In equity cases the Court may order questions of fact to be tried by a jury, and may also disregard them. This, however, was an action at law, and was tried by the jury. (Code Civ. Proc., §§ 592–631.) The Court can not disregard the findings of the jury, and find contrary to the facts found.

The former judgment was not a bar to this action. The judgment rendered on the ground that the complaint does not state facts sufficient to constitute a cause of action, is not a bar to another action. (*Terry* v. *Hammond*, 47 Cal. 32.)

*Thom & Stephens*, for Respondent.

The judgment entered in the former action constitutes a bar to this. (*Robinson* v. *Howard*, 5 Cal. 429; *Aurora City* v. *West*, 7 Wall. 99; *Kimbro* v. *V. R. R. R.*, 56 Ga. 187; *Bouchaud* v. *Dias*, 3 Denio, 244; Wells' Res. Adj.)

That action is pleaded in bar, and the Court finds that it

was for the same cause of action, and that final judgment was entered for the defendant. There is no specification questioning these findings of fact, nor does the record contain the evidence upon which the finding is based. The appellant attacks the action of the Court in filing additional findings to those of the jury, but the parties agreed to go to the jury upon certain issues, and to reserve others to the Court. The appellant can not try his case before the Court without objection, and after he has lost it, complain that it was not tried by a jury. (*Smith* v. *Brannan,* 13 Cal. 107; *Carr* v. *Carr,* 52 N. Y. 251.)

Moreover, the action as set out in the complaint lies purely in equity. A proceeding to correct a mistake is exclusively of equitable cognizance. (Civ. Code, §§ 339, 3,402; Code Civ. Proc., § 856; *Helm* v. *Wright,* 2 Humph. 76; 6 Wait's Pr. 169; *Pierson* v. *McCahill,* 21 Cal. 122; *Wagenblast* v. *Washburn,* 12 id. 212; *Hathaway* v. *Brady,* 23 id. 124; *Dewitt* v. *Duncan,* 46 id. 343; Story's Eq. Jur., §§ 155 *et seq.;* Adams' Equity, 166, 168; *Gayle* v. *Hudson,* 10 Ala., N. S., 123.)

The Court, therefore, could disregard or adopt the findings of the jury, and in either event file additional findings. (*Bates* v. *Gage,* 49 Cal. 127.)

The COURT:

The defendant Thom in his answer pleaded that theretofore, to wit, on the 11th of May, 1877, in an action brought in the same Court by the plaintiff against the same defendants, for the same cause of action, judgment was duly rendered and entered on the merits against plaintiff and in favor of defendant Thom, which judgment on appeal was affirmed, and remains in full force. The Court below in this action found that on the 17th of May, 1876, the plaintiff commenced an action in said Court against the defendants for the same cause of action as stated in the complaint in this action; that the defendants filed demurrers to the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action; that the demurrers were sustained, and plaintiff declining to amend, judgment was rendered and entered, prior to the commencement of this action, in favor of defendants and against plaintiff, which judgment was affirmed

on appeal. Judgment was thereupon rendered in this action in favor of defendant Thom.

The papers appearing in the transcript as printed are not verified as the papers constituting the judgment roll in the former suit, and used on the trial of the case at bar. The Judge of the Court below certified to the statement on motion for new trial, but the papers referred to are not contained therein, nor are they verified by the Judge.

There is, therefore, nothing in the record to show that the finding was not sustained by evidence.

Judgment and order affirmed.

McKee, J., and Thornton, J., dissented.

Ross, J., being disqualified, took no part in the decision.

Former Adjudication—Estoppel—Verdict—Finding—Trial.—A final judgment entered upon a general demurrer to the complaint, is a bar to another action on the same cause.