[No. 12218.    Department One. — February 21, 1888.]

## A. G. PETERSON, APPELLANT, v. JOSEPH WEISS-BEIN ET AL., RESPONDENTS.

EJECTMENT — EXECUTION SALE — ACTION TO SET ASIDE JUDGMENT — EVIDENCE. — In an action of ejectment, in which the defendant claims title to the demanded premises under an execution sale of the land, made in pursuance of a judgment against the plaintiff, the judgment roll in an action brought by the plaintiff against the execution purchaser, to set aside the judgment and execution sale on the ground that the same were void, in which action judgment had been rendered in favor of the execution purchaser on a demurrer to the complaint, is admissible in evidence.

ID. — CONSTABLE'S DEED AS EVIDENCE — PROOF OF JUDGMENT AND EXECUTION. — A constable's deed is not admissible in evidence without proof of the judgment and execution in pursuance of which it was made.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Cross & Simonds*, and *Gaylord & Searls*, for Appellant.

*A. & E. J. Burrows*, for Respondents.

BELCHER, C. C.— This action was brought to recover possession of two hundred and forty acres of land situate in Nevada County. The complaint alleged the plaintiff's ownership of the demanded premises, and his ouster therefrom by the defendants, in September, 1885. The answer denied the plaintiff's ownership, admitted the defendants' possession, and then set up a further defense as follows: —

"Defendants allege that ever since the twenty-sixth day of December, 1883, they have been the owners of the said premises, and entitled to the possession thereof; that up to November, 1882, plaintiff was the owner and entitled to the possession of said premises; that on said date said premises were duly attached in a suit against this plaintiff from the justice's court of Grass Valley township; that thereafter, in said suit, judgment was duly given and made against plaintiff herein (Peterson), and by virtue thereof execution duly issued to the constable of said township, and the said premises were duly sold thereunder to one Goldberg, who on November 26, 1883, duly received the constable's deed therefor; and thereupon transferred said premises to these defendants.

"That in February, 1883, said Peterson began suit in this court to set aside said justice's court judgment and said constable's sale, because the complaint was filed on a holiday, etc.; that plaintiff therein had judgment, from which judgment defendants therein appealed to the supreme court, who reversed the same in the case entitled *Peterson* v. *Weissbein Bros. & Co. et al.*, and thereafter said superior court duly gave and rendered judg-

ment in favor of defendants therein, affirming the validity of said justice's court judgment, and the said execution sale thereunder. . . . . And that said judgments were duly given and made, and estop the plaintiff from again contesting the validity thereof, and defendants hereby plead them as estoppel."

At the trial the plaintiff introduced evidence showing that he acquired the title to a portion of the demanded premises in 1874, and to the balance thereof in 1875, and rested. Thereupon the defendants, to maintain the issues on their part, offered in evidence the judgment roll in the case referred to in their answer, and promised to show that it related to the premises in dispute, and that defendants had succeeded to the interests of Goldberg therein. The plaintiff objected to the judgment roll being received in evidence, on the ground that it was irrelevant and immaterial, and not pertinent to any issue involved in the case; that the parties to that action were not the same as in this case, and it was therefore not admissible by way of estoppel. The court overruled the objection, and the plaintiff reserved an exception.

The defendants then offered in evidence a constable's deed, in proper form and duly executed, dated November 26, 1883, conveying the demanded premises to William Goldberg, and a deed from Goldberg, dated February 1, 1884, conveying the same premises to defendants.

The plaintiff objected to the constable's deed on the ground that the judgment and proceedings in the justice's court of Grass Valley township, upon which the deed purported to be based, had not been introduced in evidence, and further objected to both deeds on the ground that they were incompetent, irrelevant, and immaterial. The court overruled the objections and the plaintiff reserved exceptions.

In rebuttal the plaintiff proved that September 9, 1882, had been appointed and proclaimed by the governor of the state as a legal holiday.

The court found that the plaintiff was not the owner or entitled to the possession of the premises in dispute, and further found to be true all the facts set up in that part of defendants' answer hereinbefore quoted.

Judgment was entered in favor of the defendants, and from that, and an order denying him a new trial, the plaintiff appealed.

1. It is insisted for the appellant that the judgment roll was not admissible in evidence, but we see no prejudicial error in the ruling complained of. The action was brought to obtain a decree declaring the judgment in the justice's court case, and the constable's sale thereunder, null and void, because the complaint was filed with the justice on a legal holiday. Goldberg was the purchaser at the sale, and was a party to the action. The plaintiff obtained a judgment at first, but that judgment was reversed by this court and the case remanded. (*Peterson* v. *Weissbein*, 65 Cal. 42.) An amended complaint was then filed, to which a general demurrer was interposed and sustained, and the plaintiff declining to further amend, final judgment was entered in favor of defendants. In due time Goldberg obtained a constable's deed, and thereafter conveyed the property to the defendants here.

It is true, the judgment was entered on demurrer, but " a judgment on demurrer to the plaintiff's complaint is conclusive of everything necessarily determined by such judgment." (Freeman on Judgments, sec. 267.) The point was involved, and necessarily determined that the justice's court judgment was not void for the reason assigned.

And as *res adjudicata*, a judgment is conclusive between the parties thereto and their successors in interest. (Sec. 1908, Code Civ. Proc.; *McCreery* v. *Fuller*, 63 Cal. 30.)

The defendants were the successors in interest of Goldberg, and had, therefore, the same right to avail

themselves of the judgment roll that he would have had if he had not conveyed the property, and had been made the defendant.

2. It is also insisted that the constable's deed was not admissible in evidence without proof of the judgment and execution, which authorized the sale, and in pursuance of which it was made.

The rule undoubtedly is, that when one seeks to obtain or hold possession of real property under a sheriff's deed, he must prove the judgment and execution under which the sheriff acted in making the sale. (Freeman on Executions, sec. 350.) The title of the purchaser in such a case rests upon the judgment, execution, sale, and deed. The law upon this subject is stated in *Hihn* v. *Peck*, 30 Cal. 288, as follows: " The judgment and execution go to the sheriff's power to sell, and to his power to recite a sale, and to his power to give a deed also, and therefore the recitals are not admissible to prove the sheriff's authority to sell or his authority to recite a sale. The power to sell, to recite, and to deed, having its origin in the judgment and execution, must be proved by a production of both under the rule of best evidence; but when the power has been so proved, the sheriff becomes, so to speak, the accredited historian of his acts under it. (See also *People* v. *Doe*, 31 Cal. 220; *Blood* v. *Light*, 38 Cal. 649; 99 Am. Dec. 441.)

Under the law as announced in the foregoing cases, we think it was necessary for the defendants to produce and introduce in evidence the judgment of the justice's court, and the execution issued thereon, and that the court erred in admitting the constable's deed in evidence without such proof.

The judgment and order should be reversed, and the cause remanded for a new trial.

FOOTE, C., concurred.

HAYNE, C., concurred in the conclusion.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.

Hearing in Bank denied.