[No. 11746.    Department Two. — March 13, 1889.]

## JOSEPH STROHLBURG, RESPONDENT, v. MEYER JONES, APPELLANT.

LANDLORD AND TENANT — TRESPASS — ACTION BY LESSEE — PARTIES — DEMURRER. — The possession of a tenant is as complete for all purposes of redress against wrong-doers as is the possession of an owner in fee-simple; and in an action of trespass by a lessee for a fixed term, a demurrer will not lie for non-joinder of the owners in fee, upon the ground that the acts complained of are an injury to the freehold, and an ouster of the owners of the fee.

TRESPASS— QUARE CLAUSUM — PLEADING — DEMURRER FOR MISJOINDER AND AMBIGUITY. — A complaint in trespass averring that defendant wrongfully entered upon the plaintiff's close and removed earth and gravel therefrom, destroyed ornamental shade trees growing thereon, tore off and removed the boards from an entire wall of plaintiff's building, darkened plaintiff's windows, and erected another building on the premises, to the damage of plaintiff in a specified sum, is not demurrable for misjoinder of causes of action, nor for ambiguity.

APPEAL from a judgment of the Superior Court of Alameda County.

The complaint averred the facts stated in the opinion of the court, and in the last *syllabus* above.

*C. L. Colvin, Philip Teare,* and *T. F. Graber,* for Appellant, cited Code Civ. Proc., secs. 427, 733; *Barnes* v. *Jones,* 51 Cal. 303; *Silvia* v. *Garcia,* 65 Cal. 591; *Dubbers* v. *Goux,* 51 Cal. 153; *Tompkins* v. *Sprout,* 55 Cal. 33; *Canavan* v. *Gray,* 64 Cal. 5; *Tibbets* v. *Blade,* 60 Cal. 428; *Aram* v. *Schallenberger,* 41 Cal. 449.

*Thomas H. Smith,* for Respondent, cited *Pico* v. *Colimas,* 32 Cal. 580; 1 Sedgwick on Damages, 7th ed., pp. 274–278; Taylor on Landlord and Tenant, 5th ed., secs. 524, 774; 4 Wait's Actions and Defenses, p. 276; *Foster* v. *Elliott,* 33 Iowa, 216; *Front* v. *Hardin,* 56 Ind. 165; 2 Hilliard on Torts, 3d ed., p. 584; Field on Damages, sec. 738; Code Civ. Proc., sec. 465; 2 Chitty on Pleading, p. 866; 2 Wait's Practice, 451; *Lattin* v. *McCarty,* 41 N. Y. 107.

SHARPSTEIN, J.—This is an appeal from a judgment. The complaint was demurred to, and the demurrer overruled, defendant answering. Cause tried by a jury; verdict and judgment for plaintiff. Appellant insists that the court erred in overruling the demurrer to the comlaint, and whether it did or not is the sole question for consideration.

The allegations of the complaint are, that on the twentieth day of March, 1885, W. G. Flynn and John R. Spring, then being the owners of certain premises described in the complaint, leased and demised the same to the plaintiff for the term of one year at a stated monthly rent; that by virtue of said lease, plaintiff went into and continued in the peaceable and quiet possession of said premises until the committing of the grievances

complained of; that on the first day of June, 1885, the defendant wrongfully and maliciously entered upon said premises, and on divers other days, between that day and the commencement of this action, committed divers trespasses, enumerated in the complaint, to the damage of the plaintiff three thousand dollars, for which he demands judgment.

One of the grounds specified as a ground of demurrer is: "That there is a defect of parties plaintiff in this, to wit: it appears from the complaint that one W. G. Flynn and one John R. Spring are the owners in fee of the property described in the complaint, and that the injury complained of is an injury to the freehold, and also that the acts complained of are an ouster of the said Flynn and Spring, owners in fee."

The allegations of the complaint show that the plaintiff was in the possession, and in the rightful possession, of the premises under a lease from the owner thereof.

"A tenant's possession, while it continues, is as complete for all purposes of redress against wrong-doers as is the possession of an owner in fee-simple." (Cooley on Torts, 326.) This question was discussed quite fully in *Heilbron* v. *Heinlen*, 72 Cal. 371. In *Pollock* v. *Cummings*, 38 Cal. 685, the court says: "In an action of trespass upon real property, the plaintiff may recover upon alleging and showing, in addition to the injury complained of, his possession of the premises."

Tested by that rule, the demurrer on the ground above specified was properly overruled.

We fail to discover that several causes of action are improperly joined, or that the complaint is ambiguous.

Judgment affirmed.

McFARLAND, J., and THORNTON, J., concurred.