[No. 14259.   Department One. — January 5, 1893.]

# EMMA S. HARDY, RESPONDENT, *v.* HIRAM P. HARDY, APPELLANT.

HUSBAND AND WIFE — ACTION FOR PERMANENT ALIMONY — DESERTION BY HUSBAND. — The action for permanent maintenance of a wife by the husband, without a divorce, under section 137 of the Civil Code, can only be based upon the ground of desertion by the husband; and proof of willful desertion by him, or that, by reason of his cruelty or threats of bodily harm, she was forced to leave the family dwelling-place, is essential to support the action.

ID. — WIFE MUST BE WITHOUT FAULT — DEFENSE TO ACTION. — It is essential that the wife who seeks permanent alimony should be without fault on her own part; and the same grounds which would justify the husband in leaving her and living separate from her, or which would be a sufficient defense to any action by her for a divorce from him, will be a defense to this action; and if, in case of his desertion of her, her conduct after such desertion has been such as to forfeit her right to be received as his wife, she cannot maintain the action.

ID. — ADULTERY OF WIFE — DEMAND FOR RECEPTION AND SUPPORT — REFUSAL NOT DESERTION. — A wife who has left her husband by abandoning the family dwelling-house, and remained away for more than twenty-seven years, having lived in adultery, under an assumed contract marriage, with another man, with whom she lived until his death, has thereby forfeited all right to be recognized or received by the husband as his wife; and the failure of the husband thereafter to comply with a demand of the wife that he should receive and support her as his wife does not constitute desertion upon his part.

ID. — BELIEF OF DIVORCE IMMATERIAL. — The fact that the wife, at the time she began to live in adultery, had been informed by the man with whom she was living, and believed, that her husband had procured a divorce from her, does not exonerate her from the consequences of her act.

ID. — ACTION FOR ALIMONY INDEPENDENT OF RIGHT OF DIVORCE. — The right of a wife to maintain an action against her husband for support and maintenance is independent of her right to maintain an action for divorce, and does not depend upon his continued desertion of her for a year; but the action may be instituted at any time after his desertion of her, when he fails to support her.

ID. — JUDGMENT IN FORMER ACTION — RES ADJUDICATA — CONTINUED DESERTION. — A judgment, in an action by a wife for permanent support and maintenance, that the facts alleged were insufficient to entitle her to the relief asked, is a bar to her right to maintain a subsequent similar action, in which no other act of desertion upon the part of the husband is alleged or claimed than that claimed in the prior action. Mere lapse of time since the act of desertion does not give her any additional cause of action, or increase the effect of the desertion for the purpose of entitling her to maintain such subsequent action.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*Eli R. Chase,* and *John L. Chase,* for Appellant.

*Edward C. Robinson,* for Respondent.

HARRISON, J. — The plaintiff brought this action under the provisions of section 137 of the Civil Code to recover permanent alimony from the defendant without seeking a divorce. The complaint is framed with two counts, but as a demurrer to the first count was sustained, and the cause was tried upon the issues presented by the answer to the second count, only the matters therein alleged can be considered. The court rendered judgment in favor of the plaintiff, awarding her twenty dollars a month, from which, and from an order denying a new trial, the defendant has appealed.

The court finds that the defendant deserted the plaintiff on the 19th of December, 1887, and also that she had not deserted him, but that, by reason of his cruelty towards her, she was compelled to leave his house and live separate from him. These findings are challenged in the statement as unsupported by the evidence, and it is also contended on the part of the appellant that the evidence shows that the plaintiff deserted the defendant in 1860.

The plaintiff and defendant were married in 1853, and lived together as husband and wife in the vicinity of Martinez for nearly seven years. In February, 1860, the plaintiff left the defendant and went to live at the house of a friend near Pacheco. After remaining there a short time, she went to live at the house of another friend a few miles out of Pacheco, where she met a man by the name of Wagner, whom she had previously known, and who appears to have aided her with his money and friendship. About a year after she left the defendant, she was married to Wagner in San Francisco,

by a civil contract between them, and immediately went with him to Humboldt County, in this state, where they lived together as husband and wife, and continued to live in that vicinity and in Oregon until his death in 1883. During this period she bore five children to Wagner, and assumed his name, and was known as Mrs. Wagner, not only where they lived, but also in her former place of residence in Contra Costa County and in other parts of California, and corresponded with her friends under that name. The defendant continued to reside in the vicinity of Martinez, and at some time in the year 1887 the plaintiff returned to that place, and on the 19th of December of that year, in the presence of a Mrs. Lander, with whom she was stopping, and whom she had asked to accompany her as a witness, saw the defendant at the county treasurer's office in the court-house in Martinez, and said to him: " Mr. Hardy, I demand that you receive and support me as your wife." The defendant made no reply, but turned and went away, and thereafter the plaintiff commenced this action.

1. Section 137 of the Civil Code provides: "When the husband willfully deserts the wife, she may, without applying for a divorce, maintain in the superior court an action against him for permanent support and maintenance of herself, or of herself and children." Although in some of the states the right of the wife to maintain an action for permanent maintenance, independent of any suit for a divorce, is recognized whenever she is living separate and apart from her husband, without any fault on her part, yet in this state the legislature has limited the right of maintaining such action to the single case of desertion on the part of the husband, and has not authorized it to be maintained upon the ground of neglect, intemperance, cruelty, or any other act on his part which might be a sufficient ground for a divorce. Proof of willful desertion by the husband is therefore an essential element in the plaintiff's cause of action. The wife cannot abandon the dwelling-place which he may

have provided for her, if it be a reasonable place, and then seek support at his expense by virtue of this statute; nor is she entitled to maintain the action for his mere neglect to provide her with suitable support. Hence, if, at the time she institutes the action, she is living separate and apart from him, it is essential for her to show that it is by reason of his desertion, or that by reason of his cruelty, or threats of bodily harm, she was forced to leave the family dwelling-place. It is, moreover, just as essential that the wife who is seeking this relief should be without fault on her own part, in order that she may compel her husband to give her the support which this section provides. The foundation of her right to maintain the action is the obligation of the husband to support her, and whenever the husband has become freed from such obligation, this action cannot be maintained against him. The same grounds which would justify him in leaving her, and living separate from her, or which would be a sufficient defense to any action by her for a divorce from him, will be a defense to this action. She must have the right to be received and treated by him as his wife, in order to enable her to maintain the action, and if, in case of his desertion of her, her conduct after such desertion has been such as to forfeit her right to be received as his wife, he cannot be made liable under this section.

The finding of the court that the defendant deserted the plaintiff on the nineteenth day of December, 1887, and that he still willfully deserts her and keeps away from her, is unsupported by the evidence. The only evidence of any desertion by the defendant at that time was his refusal to comply with the aforesaid demand of the plaintiff. Literally construed, this refusal would be evidence merely of a neglect or failure on his part to give her support; but even if it could be considered, under proper circumstances, as tending to prove desertion by him, it would not, under the circumstances of this case, have any such effect. When the plaintiff had shown by her own testimony that she had left the de-

fendant by abandoning their dwelling-place more than twenty-seven years prior to this demand, and had never thereafter returned, she could not rely upon this refusal as desertion, unless she should show that her leaving their dwelling-place had been caused by his cruelty or threats; and the record shows no evidence of any such cruelty or threats.

The failure of the defendant to comply with the demand of the plaintiff in December, 1887, did not constitute desertion. The plaintiff and defendant had not been living together for more than twenty-seven years. She had commenced to live in adultery with Wagner about a year after she left the defendant, and having continued that life for more than twenty years, and until the death of Wagner, she had forfeited all right to be recognized or received by the defendant as his wife; and even if it had been fully shown that he had originally deserted her, she would not, under these circumstances, have been entitled to receive any support from him. Even at the time of her demand, she did not go to his house and ask to be reinstated therein as his wife and the mistress of his household, but met him at the court-house; and, as was said in the case of *Jenkins* v. *Jenkins*, 104 Ill. 136: " The circumstances of her visit: excite strongly the suspicion that what she sought was not a home in the house of her husband, where she might live as a dutiful wife, but rather evidence of a refusal on his part of shelter, so that she might institute a suit for separate maintenance."

The fact that at the time she began to live with Wagner she had been informed by him, and believed, that the defendant had procured a divorce from her does not exonerate her from the consequences of her act. If she consented to rely upon such statement without any further verification, she assumed the risk of her conduct being unlawful in case it proved otherwise. The information to the same effect, claimed by her to have been given by Shock in March or April, 1860, could not have given her a *bona fide* belief that the defendant had pro-

cured a divorce from her, since that information was given to her within three months after she left the defendant, and it was within her personal knowledge that no summons in any such action had been served upon her. Neither can the letter from the defendant to her daughter, in 1862, be of any avail to her, inasmuch as this letter was not written until nearly a year after she had commenced to live with Wagner.

2. The plaintiff, in February, 1888, commenced an action against the defendant for permanent support and maintenance, setting forth as her cause of action in her complaint therein the same facts as are set forth in the complaint herein. To this complaint the defendant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, and upon the demurrer being sustained, judgment was entered against the plaintiff. The defendant's plea herein that this judgment is a bar to the present action should have been sustained. The contention of the plaintiff, that the cause of action set forth in the present complaint is different from that in the former action, for the reason that at that time the desertion claimed to have taken place on the 19th of December, 1887, had not become a ground for a divorce, because it had not been continued for a year, cannot be maintained. The desertion by the husband which will authorize the wife to maintain an action for permanent support must be of the same character as would authorize her to maintain an action for a divorce; but while the statute prescribes that her application for a divorce must be denied unless the desertion has continued for a year, it has not placed any such limitation upon her right to maintain this action. (See *Hulett* v. *Hulett*, 80 Ky. 364.) The right to maintain this action is independent of the right to maintain an action for divorce, and being based upon the obligation of the husband to support the wife, may be instituted at any time after his desertion of her, when he fails to give such support. In view, however, of the good order of society, and to preserve the stability of the marriage

relation as much as possible, the legislature has provided that a divorce shall not be granted unless such desertion shall have continued for a year.

The same evidence which the plaintiff would have introduced to establish the allegations of her complaint in the former action was essential to establish those of the present complaint. She does not allege or claim any other act of desertion on the part of the defendant than was claimed in her former complaint, and the judgment at that time, that the facts alleged were insufficient to entitle her to the relief asked, is a bar to her right to maintain the present action. (*Los Angeles* v. *Mellus*, 58 Cal. 16; *Parnell* v. *Hahn*, 61 Cal. 131.) The lapse of time since the act of desertion has not given her any additional cause of action, or increased the effect of the desertion for the purpose of entitling her to maintain this action.

The judgment and order denying a new trial are reversed.

PATERSON, J., and GAROUTTE, J., concurred.