[S. F. No. 7112. In Bank.—August 19, 1918.]

## JOE GOMEZ, Appellant, v. W. H. REED et al., Respondents.

ACTION FOR DAMAGES—INJURY TO PERSONAL PROPERTY—LOST PROFITS FROM LAND—VENUE—CONSTRUCTION OF COMPLAINT.—A complaint which alleges that on a certain date plaintiff was in lawful and peaceable possession of certain land upon which he was engaged in farming and carrying on a dairy, and that at said time defendants, without right, entered upon said land, drove the plaintiff's cattle, horses, and hogs off the premises during a violent rainstorm, forcibly taking possession of the premises and buildings; that some of his

stock, by being exposed to said storm, died and others became impaired and diseased; that he was compelled to expend large sums for removing and storing property, pasturing stock, and renting other land; that he lost certain net profits of his dairy for the year, the amount of each element of damage being alleged, but it not being alleged that defendants claimed any interest in the land or that plaintiff was entitled to the possession at the time the action was begun or sought its recovery, does not state a cause of action either to recover the possession of real estate or to quiet the title thereto, under section 5, article VI, of the constitution, and such an action may be commenced in any county in the state, and the right to have a trial in the county where the land lies, if such right exist, can only be enforced by an application to change the venue.

ID.—PLEADING—SUFFICIENCY OF COMPLAINT.—The allegations in such a complaint that the plaintiff was lawfully in possession of the premises, that he had his property thereon, and that he was without right ousted therefrom by the defendants and that damages to his property resulted from said ouster, state a good cause of action.

ID.—SINGLE CAUSE OF ACTION.—The complaint in such case states but one cause of action, the fact that the trespass caused damages of several kinds, such as the loss of mesne profits, and injury to personal property by reason of the removal, expenses of removal, and the like, not making more than one cause of action.

ID.—SPECIAL DAMAGES—ERRONEOUS STRIKING OUT OF PARTS OF COMPLAINT.—In such a case it is error to strike from the complaint allegations of special damages, for, although damages which are the necessary consequence of the wrongful act can be recovered under the general allegation of the amount of damage inflicted, where there are different elements of damage flowing from the wrong and the amount of damages from each element is capable of exact statement, the defendant has the right to be informed of the amount of the claim for each, so that he may be prepared with evidence at the trial to meet the claim, and if damages ensue because of some particular circumstances existing at the time, though the natural consequence of the wrongful act in connection with the special circumstances, the facts must be specially alleged.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George T. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Charles M. Cassin, Sullivan & Sullivan and Theo. J. Roche, Jeremiah F. Sullivan, and Theo. J. Roche, for Appellant.

Edward F. Fitzpatrick, and A. Kincaid, for Respondents.

SHAW, J.—The plaintiff appeals from the judgment.

A demurrer of the defendants to the complaint was sustained, leave was given to the plaintiff to amend, and upon his failure to do so judgment was given in favor of the defendants.

The action is for damages to personal property and to recover alleged profits which plaintiff would have received from the use and occupation of certain lands during the year 1912, if defendants had not ousted him therefrom in December, 1911.

The complaint alleges that on December 1, 1911, the plaintiff was in the lawful and peaceable possession of 146 acres of land in San Mateo County, which he was engaged in farming and upon which he was carrying on a dairy and keeping a number of horses, cattle, hogs, potatoes, hay, and grain; that on that day and the following day the defendants, without right, entered upon said land, drove the plaintiff's cattle, horses, and hogs off the premises during a violent rainstorm, forcibly took possession of the premises and buildings, and compelled him to leave his residence thereon and to remove his hay, grain, potatoes, and other goods therefrom; that his said stock was accustomed to shelter and were then sheltered in the barns, sheds, and yards on the premises, and that by reason of their being exposed to said storm four of his cows died and the milk-producing quality of his remaining cows was impaired, and seven of his horses became diseased; that he was compelled to expend large sums of money in moving his said property to another place and for storage thereof; that the net profits of his said dairy during the year 1912 would have been two thousand three hundred dollars, of which profits he was deprived; that he was compelled to pasture his stock on other lands at an expenditure of $250; that the difference between the value of the use and occupation of the land from which he was ousted for one year, for which he had rented said land, and other lands which he was obliged to rent to continue his business as farmer and dairyman, was seven hundred dollars; that he was compelled to expend three hundred dollars in removing his property to said other lands; that the value of his horses and cows other than the four which died was depreciated to the amount of one thousand dollars, and that he lost six thousand dollars which he would have earned

as net profits from his farming operations during the year 1912 if he had not been excluded from the said tract of land by the defendants. He asks damages in the sum of $21,390.

On motion of the defendants the court below struck from the complaint all the allegations of special damages above detailed. As thus altered the complaint contained a statement of the ouster, the enforced removal of his property from the premises, and a general allegation that the plaintiff has suffered damages by reason thereof in the sum of $21,390.

The causes of demurrer specified were that the complaint did not state facts sufficient to constitute a cause of action; that the court had no jurisdiction of the subject matter of the action, because the land described in the complaint is situated in San Mateo County and the action was begun in the superior court of San Francisco; that several causes of action were improperly joined, and that the respective causes of action were not separately stated. The court erred in sustaining the demurrer.

The claim of lack of jurisdiction is based on the provisions of section 5, article VI, of the constitution, providing "that all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate," must be begun in the county in which the real estate, or some part thereof, is situated. This complaint does not state a cause of action either to recover the possession of real estate or to quiet the title thereto. It does not allege that defendants claim any title to or interest in the land. It does not allege that the plaintiff was entitled to possession at the time the action was begun, and it does not ask for the recovery of possession. The allegation is that plaintiff was in lawful and peaceable possession on December 1, 1911, but no facts are stated upon which the plaintiff could found a claim of right to possession of the property after the year 1912. The allegations of the complaint all imply that the period of occupation for which the plaintiff claims damage had expired before the action was begun. The complaint states a cause of action for damages to personal property and for damages from the loss of the use and occupation of lands for a specified period which had expired. Such an action may be commenced in any county in the state, and the right to have a trial in the county where the land

lies, if such right exists, can only be enforced by an appli-
cation to change the venue. (*Miller & Lux* v. *Kern County
Land Co.,* 140 Cal. 132, [73 Pac. 836]; *Miller & Lux* v.
*Madera Canal etc. Co.,* 155 Cal. 73, [22 L. R. A. (N. S.) 39,
99 Pac. 502].)

The contention that the complaint does not state facts suf-
ficient to constitute a cause of action for damages is without
any merit whatever. The allegations that the plaintiff was
lawfully in possession of the premises, that he had his prop-
erty thereon, and that he was without right ousted there-
from by the defendants and that damages to his property
resulted from such ouster, constitutes a statement of a good
cause of action.

There was no misjoinder of causes of action. But one
cause of action is stated in the complaint, that is to say, a
cause of action for damages for a wrongful ouster of the
plaintiff from land of which he was lawfully and peaceably
in possession, a single trespass on lands. The fact that the
trespass caused damages of several kinds, such as the loss
of mesne profits, injury to personal property by reason of
the removal, expenses of removal, and the like, does not make
more than one cause of action.

We think, also, that the court erred in sustaining the
motion of the defendants to strike out the allegations of
damages aforesaid. Damages which are the necessary con-
sequence of the wrongful act can be recovered under the
general allegation of the amount of damage inflicted.
(*Treadwell* v. *Whittier,* 80 Cal. 579, [13 Am. St. Rep. 175,
5 L. R. A. 498, 22 Pac. 266].) But where there are different
elements of damage flowing from the wrong and the amount
of damages from each element is capable of exact state-
ment, "the defendant has the right to be informed of the
amount of the claim for each, so that he might be prepared
with evidence at the trial to meet the claim." (*Mallory* v.
*Thomas,* 98 Cal. 647, [33 Pac. 757]; *Lamb* v. *Harbaugh,*
105 Cal. 690, [39 Pac. 56].) And if damages ensue because
of some particular circumstances existing at the time, though
the natural consequences of the wrongful act in connection
with the special circumstances, the facts must be specially
alleged. (*Treadwell* v. *Whittier, supra.*) Under these rules
it was proper for the plaintiff to state the fact of the ex-
posure to the rainstorm and the particular damage arising

therefrom, and also the amount claimed for each element of the damage caused by the act. We are not prepared to say that plaintiff was entitled to recover all of the items of damage alleged. The defendants do not discuss the question and we, therefore, deem it inadvisable to consider that subject.

The judgment is reversed.

Wilbur, J., Sloss, J., Richards, J., *pro tem.*, Lorigan, J., Melvin, J., and Angellotti, C. J., concurred.