[L. A. No. 13575. In Bank.—May 9, 1934.]

EVA G. McMICKENS, Appellant, v. JAMES T. McMICKENS, Respondent.

Jackson Hayes for Appellant.

M. C. Spicer for Respondent.

SHENK, J.—Appeal from a judgment entered on an order sustaining a demurrer to the plaintiff's complaint without leave to amend.

From the complaint it appears that in March, 1928, the plaintiff sued the defendant for divorce on the ground of extreme cruelty; that the parties entered into a property settlement agreement including an agreement for the plaintiff's custody of the seven year old son of the parties and for the payment by the defendant of the support and education of said child; that the court entered its interlocutory decree adjudging the plaintiff entitled to a divorce and adopting the provisions of the property settlement agreement between them. The agreement and the decree provided for the payment by the defendant to the plaintiff of the sum of $30 monthly for the care, maintenance and "ordinary public schooling" of said minor child until he is twenty-one years of age, and, in addition, such other and further sums as may be necessary, right and proper on account of the "higher education" of said child, whether it be at boarding or military school, or otherwise, until he arrives at the age of twenty-one years, but not to exceed $1200 per year for such additional expense. The interlocutory decree has become final. It also appears that the defendant paid the expenses of the child's schooling in a military academy in the fall and winter of 1928–1929, but that he refused to make any further payment on account of such expenses; that on a return to an order to show cause the court ruled that such schooling was not the "higher education" for which the defendant was obligated under the terms of the agreement and the decree.

It is further alleged that in September, 1929, the plaintiff commenced an action in the Superior Court in and for

Los Angeles County, numbered 287,107, for the reformation of said agreement and decree to accord with the true intent and understanding of the parties. It is alleged in the complaint in said action, in addition to the foregoing introductory facts, and in the complaint in the present action, that during the negotiations respecting the settlement of the property rights of the parties in the pending divorce action, they reached an oral agreement that beginning in the fall of 1928 the minor child should be entered in some military or other boarding school to be selected by the plaintiff and should continue in such school until his entrance into some college or university; that the defendant agreed to pay to the plaintiff $30 a month to be used in maintaining a home for the child during his homecomings and for his general care and maintenance, but that the defendant in addition would pay the expenses of attendance at military or boarding school beginning at said time not to exceed $1200 per year; that through the inadvertence of her attorneys the agreement was not so expressed, but that the plaintiff believed at all times that the agreement to pay for military and boarding school from that time as well as during his high school and college years was expressed by the language used in said agreement.

Allegations respecting the mutuality of the mistake made by the parties are included in both complaints. In action No. 287,107 and in the present action the plaintiff asked for reformation of said agreement to accord with the alleged true agreement of the parties. In addition, in the present action, the plaintiff sought a judgment interpreting the agreement and declaring the respective rights and duties of the parties pursuant to said agreement and said interlocutory decree.

The complaint in the present action alleges further that the defendant interposed a demurrer to the complaint in said action No. 287,107 on the special grounds, in addition to general grounds, that the matters sought to be adjudicated thereby had theretofore been adjudicated in the divorce action between the parties, and that said complaint was an unauthorized collateral attack upon such judgment. The complaint herein shows that a judgment of dismissal of said action No. 287,107 was entered upon an order sustaining

said demurrer without leave to amend. That judgment has become final.

All of the foregoing instruments, pleadings and judgments are made a part of the complaint in the present action.

The defendant interposed his demurrer to the present complaint on the ground, among others, that it appeared on the face thereof that all of the matters sought to be adjudicated have heretofore been adjudicated in said divorce action and in said action No. 287,107. Whereupon the order was made upon which the present judgment of dismissal was entered.

No error was committed by the order sustaining the demurrer without leave to amend. Any consideration of the merits of the plaintiff's position in the controversy has been foreclosed by the entry of the judgment of dismissal in the action numbered 287,107. The judgment entered in that action "is conclusive of everything necessarily determined by such judgment". (*Peterson* v. *Weissbein*, 75 Cal. 174, 177 [16 Pac. 769, 770], quoting from Freeman on Judgments, sec. 267; 15 Cal. Jur. 124, 126.) The question whether the agreement was open to the interpretation contended for by the plaintiff, and the question whether under the facts stated in that complaint, which are the same facts alleged in the present complaint, the plaintiff was entitled to any relief by reformation, were necessarily involved in and determined adversely to the plaintiff by the judgment there.

The plaintiff contends that nevertheless she is entitled to a consideration of the merits of her cause of action for declaratory relief. The complaint, however, shows that no controversy exists between the parties as to the defendant's duties and liabilities under the agreement between the parties for the additional expense involved in the child's education when he enters high school. The disagreement resulted from the use of the phrases "ordinary public schooling" and "higher education" appearing in said agreement and said decree. No claim is made that the ordinary meaning of those phrases as so used is not the meaning ascribed to them by the defendant.

It therefore appears that all questions respecting the interpretation of said agreement and said decree as to which there is a dispute have been foreclosed by the judgment in

the former action, and that the demurrer was properly sustained.

The judgment is affirmed.

Thompson, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.