[No. 4515.]

TIMOTHY FORDE, SPECIAL ADMINISTRATOR WITH THE WILL ANNEXED OF MATTHEW MAUME, DECEASED, *v.* THE EXEMPT FIRE COMPANY, WILLIAM H. SHARP, GEORGE F. SHARP, JAMES B. Mc-MINN, THE UNION INSURANCE COMPANY AND S. W. GLAZIER.

SUIT BY A SPECIAL ADMINISTRATOR.—If a decedent, during his lifetime, has made a conveyance of real estate for the purpose of defrauding his creditors, the special administrator of his estate may maintain an action to recover it back, in the same manner that a general administrator could.

LIMITATION OF ACTIONS IN CASE OF FRAUD.—An action by an administrator to recover back real estate conveyed by the decedent in his lifetime for the purpose of defrauding his creditors, may be commenced within three years after the creditors recover judgment against the estate.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

The complaint alleged, in substance, that Matthew Maume was a resident of the city of San Francisco from the year 1849 until the year 1854, when he left for the city of Mexico. That he owned several parcels of real estate in San Francisco, and, in January, 1859, was in Limerick, Ireland, and there made a conveyance of said real estate to Michael

Dundon, his brother-in-law, and inserted in the conveyance a consideration as paid, but that no consideration was paid, and that the deed was made to keep the property from the creditors of Maume, but with the understanding that Dundon should come to San Francisco and manage the property for Maume, and when requested so to do, reconvey it to him. That Dundon came to San Francisco and found the property in the possession of squatters, who were holding it without right or title. That he was a weak, timid man, and made the acquaintance of defendant McMinn, who was an attorney and a clerk in the office of defendants, G. F. &. W. H. Sharp, who were also attorneys. That McMinn and the Sharps frightened Dundon with the story that he was in danger of his liberty or life, and persuaded him to convey the property to McMinn and leave the country, and gave him $750 to enable him to return to Ireland. That Dundon made the conveyance to McMinn, and left for Ireland, McMinn and the Sharps having promised him to take charge of the property and manage it for the benefit of Maume. That McMinn paid no consideration for the property, except the $750 given by the Sharps to Dundon. That the Sharps, as attorneys for McMinn, had recovered possession of the property by means of the Maume title, and McMinn had conveyed a part of it to them. That Maume died in Galveston, Texas, in 1862, leaving a will in San Francisco, in which he named C. McC. Delaney and P. M. O'Brien his executors. That the will was not discovered until 1870, when it was probated, but the executors renounced their trust, and, on the 27th of October, the same year, William Maume was appointed administrator with the will annexed. That Maume was removed for cause, on the 10th day of January, 1873, and the plaintiff was appointed special administrator. That the several creditors of the estate had, in April and December, 1872, recovered judgments against the estate. That the property was worth about $250,000, and there were no other assets of the estate. The other defendants were made such under allegations that they had either taken conveyances of portions of the estate, or mortgages on it, with a full knowledge of the facts.

The defendants demurred to the complaint, and the demurrer was sustained. The plaintiff declining to amend, judgment was rendered against him by default, and he appealed. This suit was commenced February 14, 1873.

*McElrath & Osment,* for the Appellant.

The action is grounded on fraud and its discovery within three years. An express trust is alleged. The statute could not be set in motion until the trust is repudiated and knowledge thereof brought home to the *cestui que trust,* which was not done. (*Miles* v. *Thorne,* 38 Cal. 335.)

The action is prosecuted for two classes of beneficiaries, and if a cause of action in favor of either is stated in the complaint, the demurrer should have been overruled.

Plaintiff sues not for the legatees and devisees alone, but also on behalf of creditors holding judgments against said estate—one judgment for thirty-two thousand dollars having been recovered on 15th April, 1872, and another for sixteen hundred and seven dollars on 23d December, 1872. And it is alleged that the property in controversy constitutes the entire assets of the estate. As to the judgment-creditors, the statute would not commence running until the recovery of their respective judgments, for, until that time, they were not in a position to attack the conveyances to defendants. (*Hager* v. *Shindler,* 29 Cal. 47; *Stewart* v. *Thompson,* 32 Cal. 263.)

As to the devisees, they were ignorant of the existence of the will, and consequently, of their rights, until May, 1870, and suit was commenced February 14, 1873.

*G. F. & W. H. Sharp,* for the Respondents.

The cause of action is barred by every statute of limitation. (Code Civil Procedure, Secs. 318, 319, 322, 337, 338, 353; *Tyman* v. *Walker,* 35 Cal. 634.)

Special administrators, by the statute, are intended merely to take temporary charge of the estate, and hold the same for the general administrator when appointed, and only for such and all necessary purposes (that is, like necessary purposes) may commence suit, etc. (Code Civil Procedure,

1411–1415; *Beckett* v. *Selover,* 7 Cal. 231; *Haynes* v. *Meek,* 20 Cal. 316.)

This action is clearly not within the scope of the duties of a special administrator; and this is not a case where it was necessary for the special administrator to bring action in order to save any rights. By the complaint itself it appears that William Maume was a duly appointed and qualified general administrator with the will annexed from November 14, 1870, to January 10, 1873 (over two years), and there is no pretense that he was not as fully advised of the condition of the estate, and the facts of this case, as the present plaintiff.

By the Court:

1. By section 1589 of the Code of Civil Procedure, it is provided that when there is a deficiency of assets in the hands of an administrator, and when the decedent in his lifetime has conveyed any real estate with intent to defraud his creditors, the administrator may maintain an action to recover the same for the benefit of the creditors of the deceased. By section 1415, a *special* administrator may, for certain enumerated purposes, and *"for all necessary purposes,"* maintain actions and other legal proceedings, *"as an administrator."* By "necessary purposes" is meant purposes having in view the enforcement of the substantial rights of parties entitled to the benefits of the estate, or to have its assets applied to the satisfaction of their established claims. The duty to maintain such actions is imposed upon the *administrator* as being *necessary,* and in our opinion a similar duty is cast by section 1415 upon a *special* administrator.

2. Stripping the voluminous complaint of its redundant matter, it appears that the conveyance by the deceased Maume to Dundon, through which the defendants here claim, was made with intent to defraud the creditors of the grantor, and that there is a deficiency in the assets of the estate, and that some of the creditors obtained judgment against the estate within three years next before the filing

of the complaint here; the Statute of Limitations, therefore, affords no defense to the action.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the complaint.