[Civ. No. 8193. First Appellate District, Division One.—April 11, 1932.]

FEDERAL CONSTRUCTION COMPANY (a Corporation), Respondent, v. M. V. BRADY, Appellant.

Theodore J. Savage and Eliot G. Stoutenburgh for Appellant.

H. K. Eells, C. T. White and Mathew Weber for Respondent.

PARKER, J., *pro tem.*—The action is to foreclose a claim of lien resulting from the performance of certain street improvement work.

Plaintiff received judgment and defendant appeals. It will be unnecessary to detail the facts inasmuch as it is not our province to demonstrate why or how the judgment of the trial court was correct. The entire appeal is based upon the claim that the court below erroneously determined a conflict of fact, and in support of the appeal great stress is laid upon the provisions of section 4¾, article VI, of the Constitution and section 956a of the Code of Civil Procedure. In *Tupman* v. *Haberkern*, 208 Cal. 256 [280 Pac. 970], the Supreme Court has left little further to be said upon the intent and operation of these provisions of the Constitution and code. There it is said: "Neither the constitutional amendment nor section 956a of the Code of Civil Procedure was intended to abrogate the general rule respecting the powers of the trial court in its determination of questions of fact or the rule that the reviewing court is bound by the findings of the trial court if based upon substantial evidence."

In the instant case, the finding of the trial court was based upon direct evidence, contradicted, it is true, but nevertheless supported by legitimate inferences that the trial court was permitted to draw. We concede the rule to be that, in the application of the rule limiting the scope of appellate review, the claimed conflict must be a real conflict rather than a mere evasion. Yet the concession does not aid appellant in the instant case. We might take the case before us, and step by step, analyze each fact presented and each argument made and we would end exactly

where we began. We would still have a situation where a trial judge, with the additional advantage of having observed the witnesses, determined the disputed fact with substantial evidence to support his finding.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 11, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 9, 1932.