[Civ. No. 8228. First Appellate District, Division Two.—April 29, 1932.]

G. M. CHAPMAN, Respondent, v. ASSOCIATED TRANSIT TERMINAL CORPORATION et al., Appellants.

158

Walters & Mauk for Appellants.

C. A. Ballreich and Walter S. Coen for Respondent.

BURROUGHS, J., *pro tem.*—This is an appeal by the defendant Pearl V. Exterstein from a judgment ordering a transfer of certain shares of the capital stock of the defendant corporation, Associated Transit Terminal Corporation, now standing in the name of said Pearl V. Exterstein, to the plaintiff. The judgment decreed the plaintiff to be the owner of 395.25 shares of the preferred and 3,068.10 shares of the common stock of said corporation, and ordered an assignment of the same and the filing thereof with the county clerk within thirty days. The defendant was also enjoined from selling or disposing of said stock.

One of the specifications of error is that the evidence does not support the findings of fact, conclusions of law and judgment. The finding complained of is as follows: "That it is true that on, to-wit: July 20th, 1925, it was agreed by and between plaintiff and said H. J. Exterstein that a new corporation should be organized in which both common and preferred stock should be issued and stock of the Transit Company transferred to such new corporation and shares of the new corporation issued to the stockholders of the Transit Company, transferring their stock to the new corporation in such proportion as the stock so transferred should bear to the stock of said Transit Company delivered to the new corporation so to be organized, and that plaintiff should transfer his said 1500 shares of the capital stock in said Transit

Company to one Thomas Massey, and that said Massey in turn would transfer such stock to the new corporation so to be formed and that said H. J. Exterstein would proceed to have the new corporation organized and when organized would cause its capital stock to be issued to Chapman and other stockholders in said Transit Company in exchange, as aforesaid, and that thereupon plaintiff endorsed, assigned and transferred his said certificates of stock for 1500 shares to said Massey pursuant to said oral agreement and thereafter and on July 20th, 1925, said Massey surrendered said certificates endorsed to him as aforesaid by plaintiff, to said Transit Company and a new certificate for 1500 shares of the capital stock of said Transit Company was issued to said Massey and that thereupon said Massey endorsed such new certificate in blank and delivered it so endorsed to said H. J. Exterstein for the purposes aforesaid, all in pursuance of the agreement hereinbefore referred to without any other or further consideration whatsoever; that thereafter said H. J. Exterstein caused the defendant Associated Transit Terminal Corporation, hereinafter called the Terminal Corporation, to be organized under the laws of the State of California relating to corporations, with authority to issue both preferred and common stock with the par value of Ten Dollars per share; that thereafter said H. J. Exterstein, without the knowledge, acquiescence or consent of either said Thomas Massey or plaintiff, inserted the name of defendant Pearl V. Exterstein in said certificate as transferee, which insertion was without any consideration whatsoever, and that plaintiff had no notice nor knowledge of the insertion aforesaid until about January, 1928; that said H. J. Exterstein surrendered said certificate of stock, endorsed as aforesaid, to the said Transit Company, together with other certificates for 2,900 shares of said stock in said Transit Company, all standing in the name of defendant Pearl V. Exterstein and caused to be issued in lieu thereof a new certificate for 4,400 shares of its capital stock in the name of defendant Pearl V. Exterstein, and thereupon said H. J. Exterstein caused said stock to be endorsed by defendant Pearl V. Exterstein to defendant Terminal Corporation, and thereupon and thereafter defendant Terminal Corporation, in consideration of the transfer to it of said certificates for 4,400 shares issued 1,000 shares of the preferred capital

stock of said Terminal Corporation and 9,000 shares of the common capital stock of said Terminal Corporation in the name of defendant Pearl V. Exterstein, which certificates were delivered in escrow to the Citizens National Bank, a corporation, and said certificates are now held in escrow by defendant Citizens National Trust and Savings Bank of Los Angeles, California, (successor to said Citizens National Bank), under an Impounding Order issued by the Corporation Commissioner of the State of California; that said preferred and common capital stock issued as aforesaid was in lieu and place of the aforesaid 4,400 shares of the capital stock of said Transit Company, which included the 1,500 shares of capital stock of said Transit Company held and owned by the plaintiff and transferred by him to said Thomas Massey as hereinbefore stated; that no consideration whatever was paid by defendant Pearl V. Exterstein for the issuance in her name for that portion of said capital stock of defendant Terminal Corporation issued in consideration of the transfer and delivery to it of the 1,500 shares of the capital stock owned by plaintiff and included in said 4,400 shares of the capital stock of the Transit Company delivered to said Terminal Corporation as aforesaid; that plaintiff made repeated demands upon H. J. Exterstein for the delivery to him of his *pro rata* share of the stock issued by said Terminal Corporation, but that said H. J. Exterstein failed and neglected to deliver the same to him, and that plaintiff's stock in said Terminal Corporation was never issued nor delivered to him and that the same now stands in the name of defendant Pearl V. Exterstein and is in possession of defendant Citizens National Trust and Savings Bank, as aforesaid.''

█ It is contended that there is no evidence to support that portion of the foregoing finding which says that plaintiff and H. J. Exterstein agreed that both ''common and preferred stock should be issued'' in the new company, and our attention has not been called to any evidence to that effect. However, when the new company was organized both common and preferred stock were issued. It was agreed there should be a new corporation organized and the record shows that the new corporation had two classes of stock. If there had been only one class of stock it would not have mattered; it was the exchange and delivery to plaintiff of the equivalent of his own stock that was material. A failure

to find or an erroneous finding upon immaterial matters is not prejudicial. (See *Schurman* v. *Look*, 63 Cal. App. 347. [218 Pac. 624]; 24 Cal. Jur., p. 993, sec. 217.) "If a judgment is fully supported by and rests upon valid findings, it may not be set aside because not supported by other findings, which may be ignored as being immaterial." (24 Cal. Jur., p. 1000, sec. 221; *Miller & Lux, Inc.*, v. *Secara*, 193 Cal. 755 [227 Pac. 171].)

It is contended that the following portion of the above finding, "That thereafter said H. J. Exterstein without the knowledge, acquiescence or consent of either said Thomas Massey or plaintiff, inserted the name of defendant Pearl V. Exterstein in said certificate as transferee", is also without support in the evidence. In response to this claim, we have in the record the evidence of both Massey and the plaintiff that the certificate was issued in blank and neither one of them knew that H. J. Exterstein had inserted in the certificate of stock the name of Pearl V. Exterstein or the name of any other person. Appellant relies upon the fact that during this transaction the plaintiff was the secretary of the Associated Transit Company and signed the stock certificates as such officer and therefore he must have known that the name Pearl V. Exterstein had been inserted in said certificate. However, the blank stock certificate remained in the possession of H. J. Exterstein for nearly six months when it was with other certificates standing in Pearl V. Exterstein's name surrendered and certificate No. 39 for 4,400 shares issued in her name, which certificate included the 1500 shares owned by the plaintiff. In any event, the weight of this evidence was for the trial court to decide, and having decided it in favor of the plaintiff (and we believe correctly), the finding must stand. The entire record discloses that H. J. Exterstein was in charge of the business of the parties; that the plaintiff, although secretary in name, was the outside man of the trucking business and trusted the said Exterstein fully and signed all documents given to him by the latter without reading or having them read to him, and, as said in part by the trial court in summing up the case, "The very ingeniousness of the plaintiff with respect to the evidence he gives, appears as good proof of the correctness of his story as anything we could get". We think the findings of fact are sustained by the evidence.

Complaint is made of the admission in evidence of a conversation between the plaintiff Chapman, one Thomas Massey and H. J. Exterstein that occurred on July 20, 1925. In that conversation Exterstein stated that as the business was growing, it was necessary to organize a new corporation and he stated to Massey that plaintiff had agreed to sign over to him (Massey) his 1500 shares of stock in the old corporation and that Massey was to sign the blank indorsement on the back, so that he (Exterstein) could assign the same to the new corporation and then reissue to plaintiff the equivalent amount of stock of the new corporation; that that was the way it had to be done. It was further testified that plaintiff thereupon transferred his stock to Massey and the latter signed the transfer thereof on the back, which was in blank. It is argued that this conversation was inadmissible because the defendant Pearl V. Exterstein was not present, and therefore it was not binding upon her. We are of the opinion that this objection is untenable for the reason that, at the time the conversation occurred, she had no connection with any of the affairs of either the old or the new corporation. A number of cases have been cited by appellant in support of her claim, but in each one the rule is applied where the facts show that the party having an interest in the property was not present. It is also argued that neither Massey nor the plaintiff could testify as to the above conversation because of the inhibition of subdivision 3 of section 1880 of the Code of Civil Procedure. It appears that H. J. Exterstein died in the month of December, 1929. The section above referred to relates to the testimony of parties or assignors of parties to an action against an executor or administrator of an estate upon a claim or demand against said estate. We think this objection is also without merit for the reason that this action is not against an executor or administrator in her representative capacity, but against Pearl V. Exterstein personally, and, even if it were against her as the administratrix of the estate of her deceased husband, the action is not founded upon a claim or demand against said estate for money. In *George* v. *McManus,* 27 Cal. App. 414 [150 Pac. 73], it is held that the section cited applies to a money demand against an estate. To the same effect is *Monnette* v. *Title Ins. etc. Co.,* 107 Cal. App. 313

[290 Pac. 668]. This action is for the recovery of certain shares of stock in the corporation held by Pearl V. Exterstein in her individual capacity.

█  It is also claimed that the court erred in permitting Mr. Massey to testify that the reason given by Exterstein for having the stock issued in the name of his wife was that he could not own anything because he had too many judgments against him. Appellant claims that this was prejudicial to her because it does not appear whether this remark was made concerning the 1500 shares of stock issued to Pearl V. Exterstein in 1923, or the stock transferred by Chapman to Massey, because there is no evidence in the record that Exterstein ever held any stock in the company. The court refused to strike out the evidence for the reason that the motion came too late. However, irrespective of this ruling of the court, we cannot see that any prejudicial error occurred. Had the appellant desired to clear the matter up, it was his privilege to examine the witness further. Neither do we believe that the record in the action between *Thomas Massey* v. *Carl A. Hagelin*, concerning other stock in the Associated Terminal Company, had any place in the record in this action. It had no bearing upon the question of ownership of the stock here in controversy. █  The plaintiff was asked by counsel for the appellant if there was any other secretary of the defendant company outside of himself on January 27, 1926, to which he answered he was such until Mr. Smith took the books. He was then asked: "I mean, if you were the secretary at that time and signed the certificate, why, you had notice to whom it was issued, did you not?" Objection was sustained to this question. We think that the question called for a conclusion. The subject and circumstances surrounding the signing of the certificates were fully developed on the trial and it was for the trial court to determine whether plaintiff knew to whom the certificate was issued.

Counsel has called our attention to an error in the conclusion of law and the judgment. The court found that the plaintiff (respondent) is the owner of 15/44 of the 1,000 shares of the preferred captial stock of the defendant corporation. In computing the number of shares on this basis the court, in both the conclusions of law and the judg-

ment, fixed the number of shares of preferred stock owned by plaintiff as 359.25, whereas the correct computation should be 340.90 shares of preferred stock. It is, therefore, ordered that in accordance with the findings in this case the conclusion of law number 1 be amended by striking therefrom "359.25" and that "340.90" be inserted in lieu thereof. It is further ordered that the judgment herein in favor of the plaintiff be amended by striking therefrom the figures "359.25" and inserting in lieu thereof "340.90" and, as so amended, that the judgment of the trial court be, and it is, affirmed. The plaintiff will recover his costs.

Spence, Acting P. J., and Sturtevant, J., concurred.