[Civ. No. 4565.   Third Appellate District.—October 11, 1932.]

ALLAN–MacMASTER COMPANY (a Corporation), Plaintiff and Respondent, v. PEARL V. EXTERSTEIN, Appellant.

Walters & Mauk for Appellant.

C. A. Ballreich and Walter S. Coen for Respondent.

PARKER, J., *pro tem.*—This action was prosecuted by plaintiff against appellant in her proper person and also as the executrix of the last will and testament of H. J. Exterstein, deceased. The purpose of the action was to have restored to the estate of said decedent certain assets out of which to pay debts of the estate. Judgment was for plaintiff and this appeal follows.

█ The grounds upon which appellant urges a reversal include the sufficiency of the evidence.

The property sought to be restored to decedent's estate consists entirely of the shares of stock of certain corporations. The trial court found that the said stock was placed in the name of decedent's wife, appellant herein, at a time when decedent was insolvent and deeply indebted, with numerous unsatisfied judgments standing against him and that no consideration was paid by the wife. Further it was expressly found that the entire scheme of transfer was for the purpose of and with the intent to defraud creditors, existent and subsequent.

The appeal is presented in a more or less general argument with random references and disputatious conclusions on the case as a whole. The conclusions made lack definiteness and are, as respondent claims, in the nature of an argument to a trial court or jury.

We have, however, gone carefully through the record and the transcript and find sufficient to sustain the trial court's holding. It was said in *Federal Const. Co.* v. *Brady*, 122 Cal. App. 446 [10 Pac. (2d) 130, 131]: "We might take the case before us, and step by step, analyze each fact presented and each argument made and we would end exactly where we began. We would still have a situation where a trial judge, with the additional advantage of having

observed the witnesses, determined the disputed fact with substantial evidence to support his finding."

So here, we find abundant evidence supporting each finding of the court below and a detailed statement of each fact and an analysis of its probative effect would seem to serve no useful purpose.

■ Appellant complains that the court erred in its rulings on the admission and rejection of testimony. Error is predicated upon the admission into evidence of certain declarations made by the husband prior to or contemporaneous with the transfer of the stock to the wife.

The point made is that these declarations, made without the presence of the wife, are not competent evidence against her. To some extent this might be true. Technically, those statements would not be evidence against the wife, but would be evidence showing the nature of the transfer and the circumstances surrounding the same. However, without further attempt at analysis we may note that litigation affecting the same property has been before the courts on other occasions. The case of *Chapman* v. *Associated Transfer Corp.*, 123 Cal. App. 157 [10 Pac. (2d) 1023], takes up the same point of evidence and disposes thereof adversely to appellant. A reading of the case will dispose of many other of the points now urged.

■ On the question of the sufficiency of the evidence appellant argues that the admitted fact is that the husband did not directly sell or transfer the stock, but that through his efforts and labor the stock was due him and he directed the corporate officers to place the same in his wife's name. Therefore, argues appellant, there can be no fraudulent transfer or any transfer or sale affecting creditors of the husband inasmuch as the property sought to be reached by the creditors never was the property of the debtor. A mere statement of the point suffices its own destruction.

■ Appellant further urges the statute of limitations in that the action was not commenced within the three-year period following the transfer. It is conceded that the action was commenced within one month from the time the claim of plaintiff was allowed against the estate of the decedent. This satisfies the statute. (*Forde* v. *Exempt Fire Co.*, 50 Cal. 299; *Scholle* v. *Finnell*, 166 Cal. 546 [137 Pac. 241].)

Appellant complains further of the trial court's ruling excluding the will of the husband from evidence, through which it was attempted to show that the decedent had classified the disputed property as separate property of the wife.

Obviously, the husband's *ex parte* declaration, through testament or otherwise, could not determine the character of the property.

Appellant lastly urges error in the allowance of certain amendments to conform to the proof. The effect of these amendments in nowise changed the original cause of action, nor in anywise prejudiced defendants. Judgment affirmed.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 10, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 8, 1932.