[No. 13051. In Bank.— July 27, 1889.]

## A. G. PETERSON, APPELLANT, v. JOSEPH WEISS-BEIN ET AL., RESPONDENTS.

EJECTMENT — CONSTABLE'S SALE — JUDGMENT — RES ADJUDICATA — ESTOP-PEL IN FAVOR OF PRIVY — EVIDENCE. — When in an action of ejectment defendants offer in evidence a justice's judgment and execution in support of a constable's deed under which they claim title, and also a judgment of the superior court in a prior action between the plaintiff and the defendant's grantor adjudging that the judgment of the justice's court and the sale under it were valid, such adjudication is competent and conclusive evidence in favor of the defendants, and precludes objection to the validity of the justice's judgment and execution.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order denying a new trial.

The action was ejectment, in which the plaintiff's prior title was admitted. The defendants claimed under a constable's sale and deed of the plaintiff's title under an execution against the plaintiff. The prior action referred to in the opinion was an action by the plaintiff to quiet title against the defendants' grantor, and to set aside the judgment and execution sale on the ground of want of jurisdiction because the complaint was filed upon a legal holiday. Further facts are stated in the opinion of the court, and in the decision upon the former appeal in 75 Cal. 174.

*P. F. Simonds,* and *Frederick Searls,* for Appellant.

*A. Burrows,* for Respondents.

WORKS, J. — On a former appeal this cause was reversed on the ground that the defendants, who relied upon a constable's deed to establish their title, had not made out their case, for the reason that they had failed to introduce in evidence the judgment and execution on which the deed was based. (*Peterson* v. *Weissbein,* 75 Cal. 174.) On a second trial this evidence was supplied, and judgment was again rendered for the defendants.

The plaintiff objected to the introduction of the judgment and execution in evidence, on the ground that the judgment was invalid. But it was shown by the evidence that in an action between the plaintiff and the defendants' grantor, who was the purchaser at the constable's sale, it was determined by the judgment of the court that the judgment of the justice's court and the sale under it were valid. This adjudication was conclusive as to the validity of the judgment. (*Peterson* v. *Weissbein, supra.*) Therefore, the court below did not err in admitting it in evidence.

The judgment roll in the case between the plaintiff and the defendants' grantor was objected to on the ground that the parties in that action were not the same as in this. But the defendants having purchased from the party in the former action, the judgment inured to their benefit, and was competent evidence.

Judgment and order affirmed.

SHARPSTEIN, J., McFARLAND, J., PATERSON, J., and THORNTON, J., concurred.