[No. 13089. In Bank. — August 5, 1889.]

THE PEOPLE, RESPONDENT, *v.* PETER GOODHUE
ET AL. PIONEER LAND COMPANY, APPELLANT.

MOTION TO VACATE JUDGMENT — LIMITATION OF TIME. — There is no provision of law for a mere motion to vacate a judgment after the time limited by section 473 of the Code of Civil Procedure. A judgment cannot be attacked in this informal way years after its rendition, either on the ground that the court had no jurisdiction of the person of the defendant, or on the ground that the debt sued upon was paid before suit.

APPEAL from an order of the Superior Court of Tulare County denying a motion to set aside a judgment.

The original action was brought to foreclose the interest of the defendants in a certificate of purchase of certain state lands, and a decree of foreclosure was rendered therein October 30, 1865. The motion to set aside the decree of foreclosure was made by the Pioneer Land Company as the successor in interest of one of the defendants, on the 31st of December, 1888, upon the grounds stated in the opinion of the court, and that company appeals from the order denying the motion.

*Davis & Allen,* for Appellant.

The motion to set aside a judgment may be made by a successor in interest (*People* v. *Mullan,* 65 Cal. 396; *People* v. *Greene,* 74 Cal. 400), and is a direct attack which may be made at any time. (*People* v. *Greene,* 74 Cal. 400; *People* v. *Pearson,* 76 Cal. 400.) Though Goodhue was served, his grantee, Young, who was the owner of record of the certificate of purchase before suit was brought, was not served with summons, and he and his grantees are not bound by the decree.

*W. R. Jacobs,* and *Lamberson & Taylor,* for Respondent.

The deed to Young purported to convey the land, but not to assign the certificate of purchase. (Stats. 1863, p. 597, sec. 17.) The assignment of the certificate filed in the surveyor-general's office was made after service of

summons, in the suit to foreclose the certificate of purchase, and the assignee is bound by the decree.

Works, J.—This is an appeal from an order denying a motion to vacate a judgment. The judgment was rendered October 30, 1865, and this motion was made December 31, 1888.

We know of no provision of law which can be held to authorize the vacation of a judgment on a mere motion after so long a time. We have a provision authorizing such a proceeding within a limited time on certain grounds enumerated. (Code Civ. Proc., sec. 473; *People* v. *Mullan*, 65 Cal. 396.)

The motion here is made by the grantee of the judgment defendant, and is based on two grounds, viz., that the court rendering the judgment had not jurisdiction of the person of the defendant, and that he had, before the suit was brought, fully paid the sum of money which was the basis of the action.

A judgment cannot be attacked in this informal way years after its rendition.

Order affirmed.

Sharpstein, J., McFarland, J., and Thornton, J., concurred.

Paterson, J., concurring.—I concur in the judgment. If the judgment were void on its face, and the moving party had succeeded to the rights of the defendant, his motion would not be defeated by mere delay, however great, in seeking to have the judgment set aside (*People* v. *Mullan*, 65 Cal. 396); but neither of these things appears in this record. Goodhue, the moving party's grantor, was personally served with summons (including a copy of the complaint) five months prior to the entry of the judgment, and the evidence of assignment to appellant is incompetent and conflicting.