ESTATE OF HENRY WELCH, DECEASED.

[No. 6,961; decided February 16, 1894.]

Probate Order—Conclusiveness and Effect.—An order by the superior court in probate is as efficacious and binding as to the matter therein determined and the rights thereby secured as any judgment can be.

Family Allowance.—An Order Making a Family Allowance is necessarily an adjudication of the existence of every fact requisite to support the order, whether the fact is expressly found or not.

Family Allowance.—An Order for a Family Allowance creates a vested right to all sums that have become due thereunder.

Family Allowance—Conclusiveness of Order.—All questions as to the right of a widow to an allowance, and as to the amount properly to be allowed her, are conclusively determined by the order of the court, if no appeal is taken.

Orders in Probate—How may be Vacated.—Orders and judgments in probate can be vacated on motion, only for the reasons and within the time provided by the code. After the lapse of that time the remedy is by independent suit.

Henry Welch died on January 14, 1888. Letters of administration upon his estate were issued to John Purcell on January 31, 1888.

On August 17, 1888, Honor Welch, widow of the decedent, filed her petition wherein she prayed for an allowance of $200 per month for her maintenance during the progress of the settlement of the estate. On August 28, 1888, the court made an order allowing the widow $125 per month from the date of her husband's death. This allowance was paid by the administrator up to March 14, 1889, and on March 23, 1889, his powers were suspended. On April 8, 1890, J. D.

Ruggles was appointed special administrator. On December 22, 1893, the widow made application for an order directing the special administrator to pay to her $7,125 alleged to be due to her as family allowance from March 14, 1889, to December 14, 1893. The special administrator filed an answer and resisted the application on various grounds.

Garret W. McEnerney, for the applicant.

Chas. A. Sumner and M. T. Moses, for the special administrator.

COFFEY, J.   On August 28, 1888, subsequent to the filing of the inventory, the court, after notice of the hearing thereof given by posting for ten days, heard the application of Honor Welch, the surviving wife, for the payment to her of $200 per month as family allowance until the settlement of the estate.   The petition was granted, but the amount was fixed at $125 per month.   The family allowance has not been paid since March 14, 1889.   This is a proceeding to compel its payment.   The questions involved all turn upon the force and effect of the order.

An order made by the court sitting in probate, within the scope of its jurisdiction, is as forceful, efficacious and binding as to the matter therein and thereby determined, and as to the rights thereby granted or secured, as any judgment could be: Code Civ. Proc., sec. 1908, subd. 1; Howell v. Budd. 91 Cal. 342, 27 Pac. 747; Garwood v. Garwood, 29 Cal. 520.

An order of the court sitting in probate, making an allowance authorized by statute, is necessarily an adjudication of the existence of every fact requisite to support the order. whether the fact be expressly found or not.

An order of family allowance creates a vested right to all sums which have become due thereunder: Pettee v. Wilmarth, 5 Allen, 144; Estate of Lux, 100 Cal. 593, 35 Pac. 341.

All questions as to the right of the widow to an allowance, and as to the amount properly to be allowed to her, are conclusively determined by the order, no appeal having been taken: Code Civ. Proc., sec. 1908, subd. 1; Irwin v. Scriber, 18 Cal.

499; Brumagim v. Ambrose, 48 Cal. 366; Lucas v. Todd, 28 Cal. 182.

Orders in probate and judgments stand on like footing as to the rights thereby secured: Code Civ. Proc., sec. 1908, subd. 1; Freeman on Judgments, 4th ed., sec. 319b.

Judgments (and hence orders in probate) can only be vacated on motion, for the reasons and within the time provided by the code: People v. Goodhue, 80 Cal. 199, 22 Pac. 66. After the lapse of that time the remedy is by independent action: People v. Harrison, 84 Cal. 608, 24 Pac. 311.

The doctrine of laches is a doctrine which obtains in equity only. Delay less than the period of limitation never bars the remedy at law.

There is no period of limitation prescribed in probate, except in isolated instances, of which this is not one.

· The allegations in the answer do not make a case of fraud: Allen v. Currey, 41 Cal. 320; In re Griffith, 84 Cal. 113, 23 Pac. 528, 24 Pac. 48; Pico v. Cohn, 91 Cal. 129, 25 Am. St. Rep. 159, 25 Pac. 970, 27 Pac. 537, 13 L. R. A. 336. But even if they did, they would be of no avail. Fraud must be proved as well as pleaded.

An order reducing a family allowance previously granted, and made retroactive is error: Pettee v. Wilmarth, 5 Allen, 144; Estate of Lux, 100 Cal. 593, 35 Pac. 341; Ford v. Ford, 80 Wis. 565, 50 N. W. 489.

· Application granted.

---

The Principal Case was Affirmed in 106 Cal. 427, 39 Pac. 805.