[Crim. No. 427.   Second Appellate District.—November 17, 1915.]

## THE PEOPLE, Respondent, v. JOSE ANDRADE, Appellant.

CRIMINAL LAW—MURDER—FAILURE OF DEFENDANT TO TESTIFY—ERRO-
NEOUS INSTRUCTION—ADMISSION OF KILLING BUT IN SELF-DEFENSE.
In a prosecution for murder, where the defendant did not testify in
his own behalf, but stood silent under his plea of not guilty, an
instruction that the defendant did not deny the killing but claimed
that it was done in self-defense, is prejudicially erroneous, in the
absence of direct testimony or other overwhelmingly convincing
evidence connecting the defendant with the homicide, other than
the alleged confession of the defendant.

ID.—EVIDENCE—POSSESSION OF MONEY BY DECEASED.—Evidence with
respect to the amount of money which the deceased had on his
person two days previous to the finding of his body is admissible,
where it is shown by other evidence that the deceased had the pos-
session of such money the day before the finding of his body and
then exhibited it in the presence of the defendant.

ID.—CONVICTION—COMMISSION OF CRIME WITH INTENT TO COMMIT ROB-
BERY—INSTRUCTION PROPERLY REFUSED.—An instruction that "be-
fore you can convict the defendant of the crime charged, you must
be satisfied beyond a reasonable doubt and to a moral certainty
that he did commit such a crime with the intent and motive of
robbery, and if you do not so find from the evidence herein, you
must acquit him," is properly refused.

APPEAL from a judgment of the Superior Court of
Tulare County, and from an order denying a new trial.   J. A.
Allen, Judge.

29 Cal. App.—1                    (1)

The facts are stated in the opinion of the court.

Edwards & Smith, and Ralph H. Walker, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Defendant was convicted of the crime of murder and sentenced to imprisonment for life. He appeals from the judgment and from an order denying his motion for a new trial.

On the morning of January 10, 1915, the dead body of one Ina P. Cook was found on a public road in the county of Tulare, and from the evidence it clearly appears that his death had been caused by a bullet wound in the head. The evidence further shows that on the previous afternoon and evening he had been traveling along that road in an open buggy and in company with the defendant. When the deceased was last seen alive, so far as the evidence shows, he was in company with the defendant. There are no eye-witnesses to the attack which caused the death of deceased, and in that respect the defendant has been convicted entirely upon circumstantial evidence, with the single exception of an alleged confession by the defendant. The sheriff of Tulare County gave testimony concerning an interview between himself and the defendant after defendant's arrest and that in that interview the defendant admitted that he had shot Mr. Cook. The precise words covering this point, as stated by the sheriff, were that defendant "said that he did not remember whether he shot him as he was getting up or after he got up. After he shot him he ran away. He did not know where he throwed the gun."

The defendant did not testify in his own behalf, but stood silent under his plea of not guilty. On this state of the record the court charged the jury as follows: "You are instructed that the defendant does not deny that he killed one Ina P. Cook on the 9th day of January, 1915, but claims that such killing was done in self-defense." The defendant claims that the giving of this instruction constitutes prejudicial error; and with this contention we are constrained to agree. "No person shall . . . be compelled, in any criminal case, to be a witness against himself. . . . " (Const.

Cal., art. I, sec. 13.) "A defendant in a criminal action or proceeding cannot be compelled to be a witness against himself. . . . His neglect or refusal to be a witness cannot in any manner prejudice him *nor be used against* him on the trial or proceeding." (Pen. Code, sec. 1323.) "Judges' shall not charge juries with respect to matters of fact, but may state the testimony and declare the law." (Const. Cal., art. VI, sec. 19.)

In giving the foregoing instruction the court usurped the functions of the jury. It withdrew from the jury the determination of the essential question whether or not the deceased came to his death at the hands of defendant and, without a verdict of the jury upon this fact, threw upon the defendant the burden of proving circumstances of mitigation or of justification or excuse. (Pen. Code, sec. 1105.) . Thereby the failure of the defendant to give testimony in his own behalf was used against him at the trial, notwithstanding his plea of not guilty addressed to the entire issues of the case. In the absence of direct testimony or other overwhelmingly convincing evidence connecting the defendant with this homicide, other than the circumstances of the alleged confession, we are unable to say that the giving of such instruction was nonprejudicial error, or that the jury necessarily would have convicted the defendant if such instruction had not been given. The substantial effect of the record is that the judge set up the unsworn statement of the defendant that he did kill the deceased against the unsworn statement implied in his plea of not guilty, and made a finding of fact thereon which could lawfully be made by the jury only. (*People* v. *Strong,* 30 Cal. 151.)

Appellant claims that the court erred in permitting the introduction of certain testimony of the witness Jarrad with respect to the amount of money which deceased had on his person on the eighth day of January, and as to the custom of the deceased as to carrying considerable sums of money with him. The second part of this testimony, that relating to the deceased being accustomed to carry money with him, was afterward stricken out by the court, and we think the error was thereby sufficiently corrected. The testimony as to the specific sum was received upon the district attorney's assurance that knowledge of the fact would be brought home to the defendant. Other evidence was introduced showing the

possession of money by the deceased on the ninth day of January and exhibited by him in the presence of the defendant. We think that this evidence was properly received. It is true that the evidence further showed that about twenty dollars was found in the pockets of the deceased after his death, but this circumstance, so far favorable to the defendant on the question of motive, was properly subject to the consideration of the jury.

The objection that the alleged confession as detailed by the sheriff in his testimony should have been rejected because not proved to be a voluntary statement by the defendant, cannot be sustained. It was sufficiently shown and the court was authorized to determine that the statement was made freely and voluntarily and without any of those promises, threats, or other means of coercion which would require exclusion of a so-called confession. (*People* v. *Miller,* 135 Cal. 69, [67 Pac. 12].)

The other contentions made in the brief with respect to the reception of evidence are of minor importance and do not disclose any errors requiring discussion here, if indeed any there were.

It is further claimed that the court erred in refusing to give to the jury the following instruction: "Before you can convict the defendant of the crime charged, you must be satisfied beyond a reasonable doubt and to a moral certainty that he did commit such a crime with the intent and motive of robbery, and if you do not so find from the evidence herein, you must acquit him." The fact that the people introduced testimony for the purpose of showing the intent and motive of robbery did not have the effect to confine the charge to one of murder perpetrated in the perpetration or attempt to perpetrate robbery. The information charged that the defendant committed the crime of murder in that he "did willfully, unlawfully, feloniously and with malice aforethought, kill and murder one Ina P. Cook, a human being," etc. The particular motive above mentioned was not necessary to a successful prosecution in this case. Any kind of willful and premeditated killing would be sufficient to constitute the crime. (Pen. Code, sec. 189.)

The judgment and the order denying defendant's motion for a new trial are reversed.

James, J., and Shaw, J., concurred.