[Civ. No. 9626. First Appellate District, Division Two.—December 20, 1934.]

AURALIA LIUZZA, a Minor, etc., et al., Respondents, v. EMELIE BRINKERHOFF et al., Defendants; DOROTHY A. BELL, Appellant.

Morgan V. Spicer and J. W. McCaughey for Appellant.

James F. Brennan and Patrick J. Murphy for Respondents.

NOURSE, P. J.—Plaintiffs, as judgment creditors of Emelie Brinkerhoff, now deceased, sued to set aside a deed of conveyance from Emelie Brinkerhoff to her daughter, Dorothy Bell. The trial court gave judgment for plaintiffs on the grounds that the deed was without consideration, and given with the intention and for the purpose of defrauding the creditors of the grantor. Defendant Dorothy Bell appeals on typewritten transcripts.

On May 7, 1927, Mr. Liuzza was struck by an automobile driven by Emelie Brinkerhoff and he died of the injuries sustained in this accident. Plaintiffs brought an action against said Emelie Brinkerhoff for damages for the death and had a judgment for $5,000. This judgment is as yet wholly unsatisfied.

At the time of the accident Emelie Brinkerhoff had two pieces of property in her name which it is claimed were given to her in 1915 by her brother, Harry Burt Cronon, to hold in trust for her daughter Dorothy. The negotiations concerning the trust were all oral and the deed was not recorded until 1924. It was not until a few days after the accident that the mother deeded the property to her daughter and this action left Emelie Brinkerhoff insolvent.

Of the four questions stated by appellant in her brief consideration need be given to the second only as this

is determinative of the controversy. This relates to the finding that the deed was without consideration and in fraud of creditors. Appellant relies on the presumption of consideration from the written instrument and the presumption against fraud and in favor of fair dealing. These presumptions are rebuttable and the sole question then is whether there is substantial evidence supporting the finding. In this connection the trial court found that the deed to appellant was without any consideration whatever, that it was made for the purpose of defrauding, to hinder and delay her creditors, and that the appellant accepted the deed with knowledge of said fraudulent intention and for the purpose of aiding and assisting the fraud.

The evidence tending to show that the transfer was fraudulent fully supports this finding. The legal title stood in Mrs. Brinkerhoff's name and from this fact the presumption arises that she was the absolute owner. The deed to Mrs. Brinkerhoff was executed in August, 1915. It was not recorded until 1924. Her deed to the appellant was executed in May, 1927, just three days after the accident. It was falsely dated as of February 3, 1927, to make it appear that it had been made before the accident. For twelve years she claimed and exercised full ownership and proprietorship over the property and did not at any time concede, assent to, or recognize the trust relationship. During the lifetime of Mrs. Brinkerhoff the appellant did not assert any claim that the property was held in trust for her. This claim was not pleaded in appellant's answer, but was raised for the first time in the trial of this action. At the time Mrs. Brinkerhoff executed the deed to appellant, and prior thereto, both of them expressed the desire and purpose to have the property conveyed so that it would not be subject to execution on the part of the respondents. The appellant knew all the circumstances under which the deed was executed and knew that the conveyance would leave her mother insolvent. It is also significant that, though the evidence of the purported trust was that Mrs. Brinkerhoff should hold the property until the appellant reached her majority, and that that event occurred in the year 1921, the appellant made no demand upon her mother to fulfill the trust and that she and her mother both treated Mrs. Brinkerhoff as the sole owner of the property.

The evidence offered by appellant relating to the purported trust was so unsatisfactory and improbable that the trial court could well reject it in full and rest its finding upon the presumption of ownership in Mrs. Brinkerhoff arising from the deed to her, and in the undisputed evidence that her deed to the appellant made her insolvent and that the transaction was made for the expressed purpose of rendering the property free from the claims of respondents.

There is no error in the record.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 19, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 18, 1935.