[L. A. No. 16511. In Bank.—August 7, 1939.]

MARTIN E. GEIBEL, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

[L. A. No. 16510. In Bank.—August 7, 1939.]

CHARLES R. MORFOOT, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Charles R. Morfoot and Martin E. Geibel, *in pro. per.*, and Joseph L. Lewinson, Morris E. Cohn and Franklin P. Bull for Petitioners.

Philbrook McCoy for Respondent.

THE COURT.—Petitioners Martin E. Geibel and Charles R. Morfoot seek to set aside our final judgment suspending them from the practice of the law. (*Geibel* v. *State Bar*, 11 Cal. (2d) 412 [79 Pac. (2d) 1073].) Their joint "Motion to Vacate and Set Aside Judgment" was ordered placed on the calendar and is now before us after oral argument. The contention is that all proceedings against them should be dismissed with prejudice for the reason that the recommendation of suspension made by the Board of Governors to this court was not by a majority vote of the entire board, as required by rule 34, Rules of Procedure of The State Bar (213 Cal. cxix), in that Alfred L. Bartlett, then president of The State Bar, was disqualified on the ground of interest.

Of the fifteen members composing the board, twelve were present when the charges against petitioners were considered. Eight, including Bartlett, voted that petitioner Geibel be suspended for three years, with the result that if Bartlett's vote is not counted, the recommendation is not by the required majority of the entire board. Nine members, including Bartlett, voted for suspension of Morfoot for one year. But Morfoot contends that the proceeding is also defective as to him for the reason that the resolution of the board adopting the findings of fact made by the local committee as the findings of the board was by an eight to four vote, including the affirmative vote of Bartlett.

Rules 27 and 34, Rules of Procedure of The State Bar, when considered together, provide for disqualification of a member of the Board of Governors on the ground of interest.

Although the provision is for challenge before introduction of evidence upon a hearing, it may well be contended that disqualification may be raised on discovery. (*Cadenasso* v. *Bank of Italy*, 214 Cal. 562, 570 [6 Pac. (2d) 944].) But as will hereafter appear the claim that Bartlett was disqualified by reason of the facts set forth in the present application has already been passed upon adversely to petitioners' contention by this court on prior applications relying on the same grounds of disqualification. As to Geibel, the present petition is the third urging disqualification. As to Morfoot, it is the second.

It should be remarked that the alleged disqualification, even if found, would not require a dismissal of all charges against petitioners, with prejudice. The disqualification of a member of the Board of Governors would not invalidate the prior proceedings before the local committee, nor require a further hearing before it, much less a dismissal of all charges. The most the petitioners could claim would be a remand to the board for a new recommendation by qualified members.

On May 25, 1938, this court, adhering to the recommendation of the Board of Governors, suspended petitioner Geibel from practice for three years, petitioner Morfoot for one year, and a third petitioner, Shelley, for one year. All three filed petitions for rehearing. Geibel also filed an affidavit on June 13, 1938, in which he averred that on June 11, 1938, he had discovered the disqualifying interest of Bartlett. In passing upon the petitions for rehearing on June 23, 1938, we reduced the period of suspension to one year for Geibel, and ninety days for Morfoot and Shelley. Shelley has not participated in the further proceedings and his period of suspension has long since expired. Execution of the order of suspension has been stayed as to Geibel and Morfoot.

On July 15, 1938, Geibel and Morfoot each filed a "Petition to Set Aside Judgment and Stay", attacking the qualification of Bartlett on the same grounds relied on in the present motion. These petitions were denied on July 21, 1938. On December 12, 1938, the Supreme Court of the United States denied petitions of Geibel and Morfoot for a writ of *certiorari*. (*Geibel* v. *State Bar*, 305 U. S. 653, 676 [59 Sup. Ct. 248, 361, 83 L. Ed. 423, 438].) Our order of denial was a determination contrary to petitioners' conten-

tion that the judgment of suspension should be set aside by reason of the alleged disqualification of Bartlett. Said decision constitutes an adjudication that Bartlett was not disqualified. A determination as to the validity of a former adjudication is *res judicata* in a subsequent proceeding attacking it. (*Lake* v. *Bonynge,* 161 Cal. 120 [118 Pac. 535]; *Peterson* v. *Weissbein,* 80 Cal. 38 [22 Pac. 56]; 2 Freeman on Judgments, 5th ed., 1498; 15 Cal. Jur. 77, 103, 147.)

The action of this court taken by means of an order of denial is *res judicata* although no written opinion is filed. In *Napa Valley Elec. Co.* v. *Railroad Com.,* 251 U. S. 366 [40 Sup. Ct. 174, 64 L. Ed. 310], the Supreme Court of the United States considered the effect of our order denying without written opinion a petition for writ of review upon a decision of the railroad commission. It was contended that since no writ of review had issued, the court "instead of hearing, refused to hear, instead of adjudicating, refused to adjudicate, and that from this negation of action or decision there cannot be an assertion of action or decision with the estopping force of *res judicata* . . . ". The opinion rejected this contention and held that the order of denial was the exercise of the judicial power of the court. By this decision the United States Supreme Court affirmed the judgment of the District Court (257 Fed. 197), wherein that court said:

"The contention by plaintiff that the ruling of the state court is not a proper predicate for invoking the doctrine of *res judicata* in that it is not a judgment 'on the merits', but purely a negative determination or refusal to assume jurisdiction, is unsound. We are bound to assume, if we accept the averments of the bill, that the petition put that court in full and complete possession of all the facts upon which it relies here . . . ; and that being true, the denial of the petition was necessarily a final judicial determination . . . based on the identical rights asserted in this court, and it was between the same parties. Such a determination is as effectual as an estoppel as would have been a formal judgment upon issues of fact. . . . Nor is it material that the reasons for the conclusion reached by the court are not given."

In *Southern California Edison Co.* v. *Railroad Com.,* 6 Cal. (2d) 737, 747 [59 Pac. (2d) 808], we referred to the effect to be attributed to our orders denying a writ of review with-

out written opinion, citing the Napa Valley Electric Company case. The same effect must be attributed to our order denying the petitions to set aside judgment in the instant case.

▪ Petitioners urge that since the orders entered following the filing of Geibel's affidavit of June 13, 1938, and the petitions of July 15, 1938, were in terms orders denying rehearing, it must be presumed that the claim of disqualification was not passed on, in view of our rule that points may not be raised for the first time on petition for rehearing. The applications filed by Geibel and Morfoot on July 15, 1938, as brought to this court, were each entitled "Petition to Set Aside Judgment and Stay", and were based squarely on the same claim of disqualification relied on in the petition now before us. The claims made in the affidavit of June 13, 1938, and in the petitions of July 15, 1938, were in fact considered, and our orders of June 23, 1938, and July 21, 1938, although in terms orders denying rehearing, completely and finally disposed of the claim of disqualification.

▪ Since the oral argument on their motion based on disqualification petitioners have filed a "Supplemental Affidavit" in which they contend that the proceedings are void *ab initio* for the reason that the complaint against them was filed with The State Bar by Russell B. Seymour, as trustee in bankruptcy of the estate of Frazier McIntosh, and Thomas S. Tobin, as attorney for said trustee. Their contention is that the order of the federal court adjudicating McIntosh a bankrupt is void, with the result that the order appointing the trustee is void, and the trustee and his attorney were without right to file the complaint with The State Bar.

This contention, if established, would not invalidate the proceedings before the local committee. If Seymour and Tobin had knowledge of acts requiring disciplinary action they could file a complaint as private citizens without reference to the validity of the order appointing the trustee in the bankruptcy proceeding. The local committee, of its own motion, without the filing of a complaint, may undertake an investigation of an attorney's conduct. (Sec. 34, State Bar Act, 1 Deering's Gen. Laws, (1937) 185.) The committee in all cases conducts a preliminary investigation and only thereafter issues an order to show cause upon which hearing is held. (*Herron* v. *State Bar*, 212 Cal. 196, 200 [298 Pac. 474].)

Furthermore, the matter which Geibel and Morfoot rely on as invalidating the adjudication of bankruptcy, and consequently the order appointing the trustee, clearly would not have that effect. It is contended that the adjudication is void for the reason that the petition of the creditor upon which it was based was insufficient. The creditor who filed the petition set forth indebtedness of McIntosh to it arising from McIntosh's guaranty of notes held by it. Said petition did not allege directly that the notes remained unpaid. The failure thus to allege clearly would not warrant a collateral attack, such as here made, on the entire bankruptcy proceeding. This was a mere omission in the petition which no doubt was supplied by evidence upon the hearing leading to the adjudication.

The motion to vacate and set aside judgment is denied.

Rehearing denied.