[Civ. No. 11440.   First Appellate District, Division One.—August 19, 1940.]

AURALIA LIUZZA et al., Respondents, v. AUBREY BELL, as Administrator, etc., Appellant.

Morgan V. Spicer and H. R. Whiting for Appellant.

James F. Brennan and Saul Perlis for Respondents.

WARD, J.—An appeal by defendant Aubrey Bell as administrator of the estate of Emilie Brinkerhoff, deceased, from a judgment wherein it was decreed that a deed from Mrs. Brinkerhoff to her daughter Dorothy A. Bell is null and void as against plaintiffs; that the property described therein is a part and parcel of decedent's estate for the purpose of satisfying plaintiffs' claim in the sum of $5,000, and is subject to a lien for the payment of such claim, together with interest and costs of suit, and that the property, or such portion thereof as is necessary, be sold to satisfy the claim, the estate being entitled only to the amount remaining after such payment, the costs of sale, etc.

Three judgments, all rendered in the city and county of San Francisco, are involved in this appeal. For convenience, they will be hereinafter referred to respectively as judgment "A"—being one rendered in a tort action; "B"—that rendered in a suit to set aside a fraudulent conveyance, and "C", the one from which the present appeal is taken. They are the outgrowth of an accident which happened on May 7, 1927, and which resulted in the death of Guiseppe Liuzza, husband of Jessie Liuzza and the father of their minor children Auralia and Nicholas. Notwithstanding the death of Nicholas after the commencement of an action for damages against Emilie Brinkerhoff, but prior to the trial thereof, and without dismissal as to plaintiff Nicholas or substitution of any representative, a judgment in the sum of $5,000 was rendered against

Mrs. Brinkerhoff and in favor of the two minors and their mother, plaintiffs in the action, without segregation. Said judgment, "A", was not recorded, nor was execution, although issued, levied during the lifetime of Mrs. Brinkerhoff for the reason that several days after the accident, on May 10, 1927, Mrs. Brinkerhoff deeded to her daughter Dorothy A. Bell two pieces of real property, her sole assets. This deed bore a false date, one prior to the date of the accident, but was recorded on May 10th. (*Liuzza* v. *Brinkerhoff*, 3 Cal. App. (2d) 218, 220 [39 Pac. (2d) 283].)

Some time later, Jessie and Auralia Liuzza filed an action against Emilie Brinkerhoff and Dorothy Bell, to set aside the conveyance on the ground that there was no consideration therefor and that it was made for the purpose of defrauding the creditors of the grantor; also to enforce the judgment in the action for damages for the death of their husband and father respectively. Prior to the trial of the action Mrs. Brinkerhoff died, and judgment "B", was subsequently ordered against Dorothy Bell, which declared the deed to be null and void; "that the property described in said instrument and in the findings of fact herein and hereinafter described, is a part and parcel of the estate of said decedent for the purpose of satisfying the claim of plaintiffs as hereinafter set forth, and the same is hereby added thereto to become a part thereof for the purpose of satisfying said claim, and that the same, or as much thereof as is necessary, be applied to the satisfaction of the claim of said plaintiffs". On appeal by Dorothy A. Bell this judgment was affirmed: (*Liuzza v. Brinkerhoff*, 3 Cal. App. (2d) 218 [39 Pac. (2d) 283].) The appeal was taken from the whole of the judgment, but no point was urged that the judgment was against a named defendant who had ceased to be a party to the action.

Some time after the affirmance of judgment "B", probate proceedings were instituted in the matter of Mrs. Brinkerhoff's estate, and Aubrey Bell was appointed as administrator. Upon publication of a notice to creditors, plaintiffs herein filed a claim in the sum of $5,000 and interest, based on judgment "B", which claim, however, was rejected, following which the present action was commenced. No claim based on judgment "A" was ever presented against Mrs. Brinkerhoff's estate.

Subsequent to filing the present action plaintiffs presented certain motions to amend judgment "B". The motions were granted, and Dorothy A. Bell, the defendant in that action, appealed. The substance of the motions and the orders are set forth in *Liuzza* v. *Brinkerhoff*, 29 Cal. App. (2d) 1, at pp. 2, 3 [83 Pac. (2d) 976]. The orders amending judgment "B" were reversed upon the theory that the error was inherently prejudicial and not clerical or inadvertent.

In the present case, after trial, the judgment decreed that the lien established by the judgment in the second action is a valid and subsisting lien on property deeded to Mrs. Bell; that defendant administrator comply with the terms and provisions of that judgment; that the property so deeded be sold by the administrator in the manner prescribed by law for the sale of real property in probate; that the proceeds be used to pay the judgment of $5,000 together with interest and costs, and that the estate of Mrs. Brinkerhoff is entitled only to any excess over the aggregate of such amounts.

The complaint alleged that Emilie Brinkerhoff died in 1931, and that in 1935 Aubrey Bell was appointed administrator of her estate. There is also set forth therein the history of the actions upon which judgments "A" and "B" are based, together with a narration of certain preliminary steps taken before the commencement of the present suit, namely, the filing of the claim and the rejection thereof, waiver of all claims and recourse against other property of the estate and allegations of willingness to accept the proceeds from the sale of the property described in the deed, whether the claims "arise by virtue of judgment A. or B. or A. and B.".

Much of appellant's opening brief is devoted to an attack upon judgment "A", the judgment upon tort. He contends that such judgment, entered without severance of its amount, is void as to all plaintiffs; that any right based on the claim on file in the estate of Emilie Brinkerhoff, deceased, not being founded upon judgment "A'", is now barred; and that whether judgment "A" is void or valid, there is, both in the present proceeding and that resulting in judgment "B", a nonjoinder of necessary parties plaintiff. It should be noted that the present record does not disclose whether or not any effort was made by either plaintiffs or defendant during the trial or subsequent thereto to correct judgment "A", but we discover from the findings in the present action that "no

appeal was ever taken from said judgment'' and that ''said judgment became final and has not nor has any part thereof been paid''.

Assuming that appellant administrator is in a position to attack judgment ''A'', he may assign as error only such matters in the trial proceedings as injuriously affected the defendant in that action; he cannot complain that the judgment was not several in character unless a substantial right of the defendant was impaired. In *Scoville* v. *Keglor*, 27 Cal. App. (2d) 17, 30 [80 Pac. (2d) 162], the court said: ''It does not in all cases follow that errors of this description are prejudicial to the losing party. It frequently happens, indeed, that a judgment *in solido* in favor of two parties plaintiff, is for some reason or other not prejudicial to a defendant. (*Meek* v. *Pacific El. Ry. Co.*, 175 Cal. 53 [164 Pac. 1117]; *Fairchild* v. *Bay Point & C. Ry. Co.*, 22 Cal. App. 328, 330 [134 Pac. 338]; *De Armen* v. *Connelly*, 134 Cal. App. 173, 181 [25 Pac. (2d) 24].) Segregation is, in some circumstances, said to have been no concern of the losing party and therefore no reason for the reversal of a judgment.'' The complaint prayed damages for the wrongful death of a husband, and father of two minors. It is inconceivable that the trial court during the hearing of testimony, a jury having been waived, did not learn of the death of one of the minors. We must assume therefore that the amount of the judgment was fixed to cover the widow and one minor. Up to this point defendant in judgment ''A'' had not been injured. If in fact the judgment was rendered upon the theory that two minors were involved, it would be immaterial in so far as the present proceeding is concerned, as the amount of the verdict has not been attacked. If appellant administrator claims that a substantial right was impaired by reason of the neglect to substitute an administrator of the estate of the deceased minor in the proceeding resulting in judgment ''A'', or in subsequent proceedings, the answer is that the minor's cause of action died with him. (*De La Torre* v. *Johnson*, 200 Cal 754 [254 Pac. 1105]; 1 C. J. S., pp. 196, 197, secs. 143, 144; *Lapique* v. *Dunnigan*, 210 Cal. 281 [291 Pac. 184].) No claim is made that the mother had a separate cause of action against the defendant in that suit for the death of the minor; if so, the statute of limitations has long since tolled that right. So far as the judgment in favor of the widow, and the widow

as guardian *ad litem* of the living minor is concerned, the court's right to enter it was not abridged by the death of the other minor. (*Scoville* v. *Keglor, supra.*)

■ The present action is based upon judgment "B", in which it was adjudged and decreed that certain property was subject to a lien in favor of plaintiffs therein for the payment of a judgment for $5,000 recovered in the tort suit. Thereby the court necessarily determined that plaintiffs had the status of defrauded creditors, otherwise the judgment in their favor could not have been entered. This is true although no attack on their status was made in that action, at least not upon appeal, with the result that the question was not expressly decided by the court. However, such question was necessarily involved and if any objection had been made during the trial the error, if any, would have been ground for reversal on appeal. For aught that appears in the judgment roll, it was brought by two plaintiffs in favor of whom, alone, a money judgment for $5,000 had been rendered. In other words, that record does not disclose that the *judgment* was in favor of three, rather than two plaintiffs. Judgment "B", valid on its face, and affirmed on appeal, may not be collaterally attacked by showing some infirmity in judgment "A".

The present record indicates that the only creditors interested in Mrs. Brinkerhoff's estate are the plaintiffs herein. Assuming, but not deciding, that had there been other creditors, appellant administrator might have been in a position to defeat plaintiffs' recovery through a showing, for the benefit of such other creditors, that judgment "A" was void on its face and that such other creditors were not parties to the fraudulent conveyance suit and would not be bound by judgment "B", upholding judgment "A", still appellant administrator has not shown that he represents any creditors other than plaintiffs and respondents. For the reasons stated, the case of *Estate of Parsell*, 190 Cal. 454 [213 Pac. 40, 25 A. L. R. 1561], and other authorities cited by appellant are not in point.

■ Is judgment "B" enforceable against defendant administrator? Appellant contends that it was neither against the deceased Emilie Brinkerhoff nor against him as administrator of her estate; that the action to set aside the fraudulent conveyance abated upon the death of Mrs. Brinkerhoff and

that the court lacked jurisdiction over the parties and the subject matter. While Emilie Brinkerhoff was one of the defendants in the action resulting in judgment "B", she died prior to trial and there was no substitution or appointment of a representative of her estate, nor, prior to the rendition of judgment, was there any attempt to file letters of administration of her estate. Judgment "B" was entered against Dorothy Bell only, daughter of Mrs. Brinkerhoff. Appellant relies principally upon *Estate of Parsell, supra,* holding, at page 456 that "A judgment rendered for or against a dead person is void." The judgment was not rendered against a dead person. *Overell* v. *Overell,* 18 Cal. App. (2d) 499 [64 Pac. (2d) 483], is also cited to the effect that a judgment cannot be given against one who is not a party to the action. Emilie Brinkerhoff, however, was a party to the action notwithstanding her death before the entry of the judgment. *De Leonis* v. *Walsh,* 140 Cal. 175 [73 Pac. 813], comes a little nearer upholding appellant's contention. In that case the plaintiff brought an action to recover certain money received by defendant as her agent, and to compel him to reconvey to her certain real property alleged to have been conveyed to him upon his false representations. Only one defendant was named in the complaint. Prior to the time the case was submitted for decision, defendant died. On appeal, the court said (p. 179) that the trial court "could regularly take no action in the case until there was a substitution of some one to defend the action". The death of the only defendant necessitated a substitution of party.

Sound practice dictates that if one or more of the parties to an action die, the legal representatives of their estates shall be substituted. It is not always necessary, however, to include all parties to a transaction as defendants. In California, while there must be a defendant competent to defend, and one against whom a judgment may be rendered, in the matter of a fraudulent conveyance the grantee or his representative must be a party at the time of the rendition of the judgment, but the fraudulent grantor who has reserved no interest, legal or equitable, although a proper, is not a necessary, party to the action to set it aside. (*Blanc* v. *Paymaster Min. Co.,* 95 Cal. 524 [30 Pac. 765, 29 Am. St. Rep. 149]; 24 Am. Jur., p. 324, sec. 205; 27 Cor. Jur., p. 751, sec. 630.) The reason is that the conveyance is binding as to the grantor

and is not affected by his death. In a suit wherein a creditor seeks to set aside a fraudulent conveyance, if the grantor is not a necessary party, neither is the legal representative of the grantor's estate, unless there should be other creditors. Under the circumstances of the instant case, the record not disclosing other creditors, a judgment rendered in the absence of the administrator as a party defendant is not void on its face. The court had jurisdiction over the parties and over the subject matter. The judgment has become final (*Liuzza* v. *Brinkerhoff*, 3 Cal. App. (2d) 218 [39 Pac. (2d) 283]; *Liuzza* v. *Brinkerhoff*, 29 Cal. App. (2d) 1 [83 Pac. (2d) 976]) and, as relates to the fraudulent conveyance and lien, may not be attacked collaterally. Seeming to be in conflict with the last statement is the holding in *Pioneer Land Co.* v. *Maddux*, 109 Cal. 633 [42 Pac. 295, 50 Am. St. Rep. 67].

The decision in the Maddux case is predicated upon Texas (*Chambers* v. *Hodges*, 23 Tex. 104] and Mississippi (*Wilson* v. *Montgomery*, 12 Smedes & M. 205) decisions, also an excerpt from section 16 of Mr. Van Fleet's work on "Collateral Attack", and involves the question of a necessary party to an action not having been properly served. The first appeal was from an order denying a motion to vacate a judgment in the case of *People* v. *Goodhue*, 80 Cal. 199 [22 Pac. 66. *Pioneer Land Co.* v. *Maddux, supra,* was a direct appeal upon the merits of the entire controversy in an action to quiet title instituted subsequent to the decision in *People* v. *Goodhue, supra.* In the Maddux case, at page 642, the court said: " 'In order to make a judgment void collaterally; either 1. A legal organization of the tribunal; or 2. Jurisdiction over the subject matter; or 3. Jurisdiction over the person must be wanting; or 4. One or more of these matters must have been lost after it once existed. When either of these defects can be shown, the judgment and all rights and titles founded thereon are void' ''.

No question of the legal organization of the tribunal is raised in this case. There is no doubt that the court rendering judgment "B." had jurisdiction of the subject matter and of the parties, and that prior to judgment none of its essential jurisdictional authority had been lost.

The jurisdictional questions in connection with the instant appeal, growing out of judgment "C", were not raised, were not necessarily connected with and therefore not decided

in *Liuzza* v. *Brinkerhoff*, 3 Cal. App. (2d) 218 [39 Pac. (2d) 283], but the question as to whether the transfer of property from Emilie Brinkerhoff to Dorothy Bell was fraudulent, "made her insolvent and that the transaction was made for the expressed purpose of rendering the property free from the claims of respondents" therein, is *res judicata*. In *Carpenter* v. *Pacific Mutual L. Ins. Co.*, 13 Cal. (2d) 306, 314, 315 [89 Pac. (2d) 637], the court said: "To escape the legal effect of these affirmances appellants in their attempt to re-litigate the question of the validity of the rehabilitation order and the order of August 11th, rely on the rule that the affirmance of a void order imports no force or validity thereto. (*Pioneer Land Co.* v. *Maddux*, 109 Cal. 633 [42 Pac. 295, 50 Am. St. Rep. 67].) The rule of the Maddux case only applies to questions which were not decided or involved on the prior appeals—as to all questions which were involved on the prior appeals, as to appellants, on this collateral attack, obviously, the prior determinations are *res judicata*. (*Lake* v. *Bonynge*, 161 Cal. 120, 131 [118 Pac. 535].) Clearly the question of the jurisdiction of the trial court to make the order of August 11, 1936, was involved on the prior appeals. . . . Even if some of the points now urged were not made upon the prior appeals, it is perfectly clear that both the trial court and this court in the prior action determined adversely to appellants the question of jurisdiction. From a very early date in this state it has been settled that 'the first point decided by any court, although it may not be in terms, is, that the court has jurisdiction, otherwise it would not proceed to determine the rights of the parties. For the purposes of the first trial in this court, the jurisdiction was as much determined as though the point had been made and passed upon; certain it is, that unless made, it cannot now be questioned'. (*Clary* v. *Hoagland*, 6 Cal. 685, 688.) As was stated in *Schrimsher* v. *Reliance Rock Co.*, 1 Cal. App. (2d) 382, 383, 393 [36 Pac. (2d) 688] : 'It is plain to us that the decision of the first appeal is *res judicata* on the question of jurisdiction subsequently and now raised by appellant. (See *White* v. *Fresno Nat. Bank*, 98 Cal. 166, at p. 167 [32 Pac. 979] ; *Clary* v. *Hoagland*, 6 Cal. 685.) To hold otherwise on the record here presented would be lending encouragement to dilatory and highly technical procedure subversive of an effective disposition of an appeal fully briefed and decided on the merits.' "

In *Geibel* v. *State Bar,* 14 Cal. (2d) 144 [93 Pac. (2d) 97], in considering a previous denial of a petition to set aside a judgment (see, also, *Geibel* v. *State Bar,* 305 U. S. 653 [59 Sup. Ct. 248, 83 L. Ed. 423]), the California Supreme Court held at pages 147, 148: ''Our order of denial was a determination contrary to petitioners' contention that the judgment of suspension should be set aside by reason of the alleged disqualification of Bartlett. Said decision constitutes an adjudication that Bartlett was not disqualified. A determination as to the validity of a former adjudication is *res judicata* in a subsequent proceeding attacking it. (*Lake* v. *Bonynge,* 161 Cal. 120 [118 Pac. 535]; *Peterson* v. *Weissbein,* 80 Cal. 38 [22 Pac. 56]; 2 Freeman on Judgments, 5th ed., 1498; 15 Cal. Jur. 77, 103, 147.)''

Appellant relies strongly on *Bachman* v. *Sepulveda,* 39 Cal. 688, wherein a judgment that an administrator held in trust property fraudulently conveyed was reversed on the theory that it was an anomaly to render judgment in favor of a party not before the court. That decision involved a direct appeal and to some extent overlooked the representative capacity in which an administrator acts. Assuming that the court had jurisdiction of the parties named, and the subject matter, still if the court granted relief in a matter over which it had no power by reason of the absence of a necessary party litigant, such portion of the judgment or decree would be void. (*Baar* v. *Smith,* 201 Cal. 87 [255 Pac. 827]; 15 R. C. L., p. 853.) In other words, such portion of the judgment as is in excess of the power of the court to grant is void. If the void portion does not invalidate or vitiate the acknowledged or legally recognized part, such part may stand. As said in 15 Ruling Case Law, page 843, ''a judgment may be good in part, and bad in part; good to the extent it is authorized by law, and bad for the residue''.

Judgment ''B'' declared the deeds to the property in question to be null and void and the property therein described to be subject to a lien in favor of the plaintiffs for the payment of their claim, all of which the court had jurisdiction to adjudge. Assuming, but not deciding, for reasons hereinafter appearing, that, because of the absence of a party litigant representing the estate of Emilie Brinkerhoff, that portion of judgment ''B'' decreeing that the property described is ''a part and parcel of the estate of said decedent for the pur-

pose of satisfying the claim of plaintiffs'' is void, nevertheless the order declaring the deeds null and void and decreeing a lien thereon in favor of plaintiffs is valid.

We now approach the objections presented to the validity of judgment ''C'', an action wherein the widow and minor appear as plaintiffs and the administrator of the estate of Emilie Brinkerhoff appears as the defendant. The purpose of the action is to enforce the lien provided by judgment ''B'' upon the property hereinbefore referred to, and to compel the administrator to sell the real property and apply so much of the proceeds as may be necessary to satisfy their claim. The complaint states a cause of action. The objections raised thereto have been noted in considering judgments ''A'' and ''B'' as will be hereafter referred to.

The first amended complaint alleges the entry of judgment ''A''; that such judgment has become final, and that no part thereof has been paid; the history and necessary facts leading up to judgment ''B'', which is likewise final; that at no time since the entry of judgment ''B'' has the real property described been sufficient to satisfy plaintiffs' claim; that a claim based upon judgment ''B'' was served within the statutory period upon the administrator of the Emilie Brinkerhoff estate, copy of the claim being attached as an exhibit to the complaint, and that the administrator rejected the claim. The complaint also sets forth a waiver of all claims and all recourse against any property of the estate other than the proceeds or money derived from the sale or disposition of the described property; also an agreement to accept such proceeds in full settlement of any claim arising under any judgment theretofore rendered, and a waiver of any claim to proceeds derived from such sale in excess of their judgment ''B''. There is a further allegation that the judgment lien provided for in such judgment has not, nor has any part thereof, been enforced or complied with. The evidence shows that subsequent to the rendition of judgment ''A'', and prior to the filing of the second action, an execution was issued which the sheriff's return shows to be wholly unsatisfied.

Appellant seeks to aid his contention by reference to Code of Civil Procedure, section 669: ''If a party die after a verdict or decision upon any issue of fact, and before judgment, the court may nevertheless render judgment thereon. Such judgment is not a lien on the real property of the de-

ceased party, but is payable in the course of administration on his estate.'' Should a necessary party litigant die pending trial, if the fact of death is established in the record a judgment rendered may be set aside on appeal. (*Boyd* v. *Lancaster*, 32 Cal. App. (2d) 574 [90 Pac. (2d) 317].) ▇ The death of a party to a pending suit does not oust the court of jurisdiction. The judgment is not void, only voidable. (*Todhunter* v. *Klemmer*, 134 Cal. 60 [66 Pac. 75].) In the Todhunter case (p. 63) the court said: ''This does not mean that a judgment can be really rendered for or against a dead man, but that it can be rendered nominally for or against him, as representing his heirs, or other successors, who are the real parties intended.'' As has been noted, Mrs. Brinkerhoff was not a necessary party to the proceeding.

The language used in *Rossen* v. *Villanueva*, 175 Cal. 632, 634 [166 Pac. 1004], is appropriate: ''A creditor may attack a transfer as fraudulent when he has reduced his claim to judgment, and has endeavored without avail to collect the same by execution. . . . This the plaintiff did here.'' (*Widener* v. *Hartnett*, 12 Cal. (2d) 287 [83 Pac. (2d) 718]; *Hy-Lo Unit & Metal Products Co.* v. *Ryon*, 21 Cal. App. (2d) 38 [68 Pac. (2d) 393].) ▇ It was not necessary that respondents herein should have impressed a lien upon the property prior to the institution of the fraudulent conveyance action. All that is necessary is that the creditor be in a position to levy execution. (*Kemp* v. *Lynch*, 8 Cal. (2d) 457 [65 Pac. (2d) 1316]; *Widener* v. *Hartnett, supra.*) Thereupon it is subject to a lien upon entry of judgment. (*Johns* v. *Baender*, 40 Cal. App. 790 [182 Pac. 55]; 27 Cor. Jur., p. 848, sec. 808; 24 Am. Jur., p. 313, sec. 185.) In fraudulent transactions, for the protection of creditors it has been held that ownership and title remain in the grantor. ▇ A judgment duly docketed is a lien on the fraudulently conveyed property. (*McGee* v. *Allen*, 7 Cal. (2d) 468 [60 Pac. (2d) 1026]; *First Nat. Bank of L. A.* v. *Maxwell*, 123 Cal. 360 [55 Pac. 980, 69 Am. St. Rep. 64].) That a lien existed is recognized in *Liuzza* v. *Brinkerhoff*, 29 Cal. App. 1, 5, 6 [83 Pac. (2d) 976] : ''The action is one in equity to declare the transfer fraudulent and to impress upon the property the lien of respondents' judgment in the tort action.'' ''Thus, right or wrong, respondents' remedy is to enforce the decree as made, the effect of which is to follow the sale of the property

through the estate, such sale to be made subject to this lien.''
The present action to enforce the lien was instituted within
the statutory period after judgment ''B'' had become final.
A lien upon property of an estate in probate is enforced by
the same method as a mortgage, where all recourse against
other property of the estate is waived. (Prob. Code, sec.
716.) The lien continues and ceases only after the sale and
the application of the purchase money to the indebtedness.
(Prob. Code, secs. 762, 763.) The claim herein was not
barred by failure to present it in connection with judgment
''A''. The claim explicitly states that it was filed pursuant
to the judgment which we have referred to as judgment ''B''.

It is contended by the appellant administrator that
judgment ''B'' in favor of plaintiffs, upon which judgment
''C'' is based, is not binding on him because he was not a
party to the action. A conveyance in fraud of creditors is
binding on the grantor, likewise on his heirs and devisees.
Where creditors reach property after the death of the grantor,
any surplus is returned to the party from whom the property
was recovered. (Prob. Code, secs. 579, 580.) The adminis-
trator as the representative of the estate should act for the
creditors and should be a party plaintiff in the action. An
administrator should not be aggrieved by a judgment in
favor of those he ought to represent. In this proceeding, to
the contrary, he urges that the judgment in its entirety be
set aside.

Appellant's attorney admitted upon the trial that the es-
tate claimed ownership of the property, apparently for the
heirs. If judgment ''C'' is invalid because the administrator
was not a party to the judgment ''B'' proceedings, the whole
of judgment ''B'' falls, with the result that Dorothy Bell
would hold title and ownership in the property and the estate
would have no interest therein of which either creditors or
heirs could reap the advantage.

Appellant contends that judgment ''C'' encroaches
upon the exclusive jurisdiction of the probate court. If an
administrator neglects or refuses to sell property of an estate,
any person having an interest therein may petition the court
for an order requiring him to sell. (Prob. Code, sec. 758.)
When a claim against an estate has been allowed, the right of
a creditor to institute an action to set aside a fraudulent con-
veyance and prosecute to judgment has been sustained

(*Scholle* v. *Finnell*, 166 Cal. 546 [137 Pac. 241]; *Allan-Mac-Master Co.* v. *Exterstein*, 126 Cal. App. 757 [15 Pac. (2d) 184]) where the creditor has taken the proper means to procure the institution of the action by the administrator. We must assume from the fact that the claim herein was rejected, and the additional fact that the administrator strenuously contested the suit resulting in judgment "C", that respondents are dealing with an antagonistic administrator. This case, like *Emmons* v. *Barton*, 109 Cal. 662, 668 [42 Pac. 303], " . . . is a case where the code provision is not 'applicable to the relief sought' . . . 'because legal remedies are unavailing' ". Unless the provision in Probate Code, section 758, relative to filing a petition to require the administrator to sell is exclusively within the jurisdiction of the probate court, respondents had the right to bring the present action.

In California, unlike many other states, general and probate jurisdictions are lodged in one court. Hence many of the close, fine-spun distinctions on jurisdictional questions in decisions of courts of other states may be disregarded. The probate court did not have jurisdiction to determine the interests, if any, of the estate and the lienors. It could not direct the administrator to sell that which it could not determine was the property of the estate; it could not order the administrator to sue himself as such, and it could not direct him on behalf of respondent creditors to sue Dorothy Bell, as the controversy between them was *res judicata*. (*Liuzza* v. *Brinkerhoff*, 3 Cal. App. (2d) 218 [39 Pac. (2d) 283].) In this situation a petition under Probate Code, section 758, would have been futile.

In *Corporation of America* v. *Marks*, 10 Cal. (2d) 218 [73 Pac. (2d) 1215, 114 A. L. R. 1162], plaintiff secured a judgment lien upon certain real property of F. O. Marks who subsequently died. In due course his estate was probated, finally settled and the executor discharged. Plaintiff alleged that a claim based upon the judgment lien was not filed for the reason that it had no knowledge of the death of F. O. Marks. The court held that plaintiff had a right to bring an equitable action to enforce the judgment lien against those to whom the estate had been distributed, providing same was brought within five years after the entry of the judgment. At pages 221, 222, the court said: "We are of the view that section 716, Probate Code, applies to judgment liens, and recognizes

a right in the judgment lien creditor to bring an equitable action to foreclose his lien on the death of the judgment debtor. The language of said section is broad. It applies to 'mortgages or liens'. As in the case of a mortgage lien, such an action may be brought during the course of the administration proceeding or after the estate has been distributed against those who have succeeded to the property subject to the lien, recourse against other property being waived. Section 732, Probate Code, terminates the right to levy execution upon property subject to the lien, but we find nothing in said section excluding enforcement of a judgment lien through an equitable action brought to foreclose it, which right is recognized as to mortgages and other liens generally by section 716.'' ''By virtue of the provisions of section 716, Probate Code, we are of the view that such an action lies in the instant case, and that enforcement through the probate proceeding, upon a claim filed, was not an exclusive remedy.''

If the filing of the claim herein under the provision of section 758, Probate Code, was not an exclusive remedy, then the filing of a petition to sell, particularly under the facts of this case, would still have been an idle act on the part of respondents. For the reasons stated it is unnecessary to consider appellant's contention that the claim was barred by the statute of limitations.

If for the purpose of completing the probate records, an order from the probate court may be obtained by the administrator or the plaintiffs herein upon the production and filing of proper records based upon judgment ''C''. In any event, the property should be sold in compliance with and in conformity to the provisions of that judgment.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 18, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 17, 1940.